In the Matter of CARLA L.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. SARA R., on Behalf of ROSLYN R. and Another, Infants, Respondent and Cross-Appellant, *v.* JULES SUGARMAN, as Commissioner of Social Services in the City of New York, et al., Appellants and Cross-Respondents.

In the Matter of IRENE F. and Another.
In the Matter of SARA R.
First Department, July 9, 1974.

*William R. Dalsimer* of counsel (*Philip C. Segal* and *Louise Gruner Gans* with him on the brief; *Stephen M. Latimer,* attorney), for respondent in first above-entitled proceeding.

*Louise Gruner Gans* (*Albert D. Angeloro* with her on the brief), for Sara R., respondent and cross-appellant in second above-entitled proceeding.

*Alfred Reinharz, Law Guardian* for infants in second above-entitled proceeding.

*John E. Halpin* of counsel (*Bodell, Gross & Magovern,* attorneys), for New York Foundling Hospital, appellant and cross-respondent.

*Gerald Goldfeder* of counsel (*Robbins & Goldfeder,* attorneys), for foster mother, appellant in third above-entitled proceeding.

*David I. Barrett, Law Guardian* for infants in third above-entitled proceeding.

*Edward J. Quinlan* for natural parent, respondent in third above-entitled proceeding.

*Robert A. Shuster* of counsel (*Joseph R. Carrieri* with him on the brief; *Fritz, O'Brien & Farrell,* attorneys), for St. Christopher's Home, respondent.

*Louise Gruner Gans* for Sara R., appellant in fourth above-entitled proceeding.

*John E. Halpin* of counsel (*Bodell, Gross & Magovern,* attorneys), for New York Foundling Hospital, respondent.

*L. Kevin Sheridan* of counsel (*Adrian P. Burke, Corporation Counsel*), for Commissioner of Social Services of the City of New York in each of the above-entitled proceedings.

LUPIANO, J.  Each of these appeals involves (1) the propriety of allowing disclosure of certain confidential records provided and maintained by the Commissioner of Social Services and other specified authorized agencies, and (2) the seeming conflict between sections 372 and 392 of the Social Services Law in respect of the jurisdiction and authority of the Family Court. Before individually delineating each of these appeals, it is advisable to set forth the relevant statutory law with which we are concerned.  Section 392 of the Social Services Law entitled "Foster care status; periodic family court review" provides in pertinent part: "1 * * * (a) 'foster care' shall mean care provided a child in a foster family free or boarding home, group home, agency boarding home, child care institution, or any combination thereof; (b) 'child' shall mean a child whose guardianship and custody have been committed to an authorized agency * * * by an order of a surrogate or judge of the family court or by a surrender instrument * * * 2. Where a child has remained in foster care for a continuous period of twenty-four months a petition to review the foster care status of such child: (a) *shall be filed in the family court* by the authorized agency charged with the care, custody or guardianship of such child; (b) may be filed by another authorized agency having the supervision of such foster care; (c) may

be filed by the foster parent or parents in whose home the child resides or has resided during such period of twenty-four months. 3. Such petition: (a) shall be filed *in the family court* \* \* \* 4. Notice of the hearing shall be given and a copy of the petition shall be served upon the following, *each of whom shall be a party entitled to participate in the proceeding*: (a) the authorized agency charged with the care, custody or guardianship of such child, if such authorized agency is not the petitioner; (b) the authorized agency having supervision of such foster care, if such authorized agency is not the petitioner; (c) the foster parent or parents in whose home the child resided, or resides at or after the expiration of a continuous period of twenty-four months in foster care \* \* \* (e) such other persons as the court may, in its discretion, direct \* \* \* 7. At the conclusion of such hearing, the court shall, upon the proof adduced, *in accordance with the best interest of the child*, enter an order of disposition: (a) directing that foster care of the child be continued; or \* \* \* (d) in the case of a child whose guardianship and custody have been committed to an authorized agency by an order of a surrogate or judge of the family court or by a surrender instrument \* \* \* directing that such child be placed for adoption *in the foster family home* where he resides or has resided or with any other person or persons \* \* \* 10. The court shall possess continuing jurisdiction in proceedings under this section and, in the case of children who are continued in foster care, shall rehear the matter whenever it deems necessary or desirable, or upon petition by any party entitled to notice in proceedings under this section, but at least every twenty-four months '' (emphasis supplied).

Pursuant to section 372 of the Social Services Law the Commissioner of Social Services in the City of New York and the authorized agencies involved in the instant proceedings are required to provide and maintain records in respect of the dependent child received, accepted or committed by them. The nature of the minimum specific information to be contained in these records is delineated in subdivision 1 of said section. Subdivision 3 thereof provides, *inter alia*: '' Upon application by a *parent*, relative or legal guardian of such child or by an authorized agency, after due notice to the institution or authorized agency affected and hearing had thereon, the *supreme court* may by order direct the officers of such institution or authorized agency to furnish to such *parent*, relative, legal guardian or authorized agency such extracts from the record relating to such child *as the court may deem proper* '' (emphasis supplied).

The proper application of these two sections must now be viewed in the context of each appeal.

MATTER OF CARLA L.

A foster care review proceeding pursuant to section 392 of the Social Services Law was initiated July of 1973 by the Commissioner of Social Services to review the foster care status of Carla L., an eight-year-old child, who had been placed with foster parents by the commissioner through the Edwin Gould Services for Children. Subsequent to the filing of the petition, copies of same were served on the child's natural mother, the foster parents and the Edwin Gould Services for Children as mandated by subdivision 4 of section 392 of the Social Services Law. Thereafter, the natural mother moved, *inter alia*, for an order pursuant to section 372 of the Social Services Law and CPLR 3120 permitting her attorney to inspect and copy records maintained by the Edwin Gould Services for Children and the Commissioner of Social Services with respect to the natural mother and the child. Impetus for this motion sprang from the wish of the natural mother to secure the return of her daughter. This branch of the motion was granted by Judge GARTENSTEIN of the Family Court to the extent that he directed that the records in question be delivered to the Clerk of the Family Court, under seal, to be kept under his exclusive custody, where counsel for the parties could inspect the records either jointly, or upon consent by written stipulation, individually. A further direction that no " extracts or copies " be made from these records and that counsel not disclose their contents to the respective litigants was promulgated.

The Commissioner of Social Services appeals, by leave of this court, from so much of this order of the Family Court, New York County, as permits inspection of these confidential records. In permitting disclosure, the Family Court viewed section 372 of the Social Services Law as restrictive of its authority to mandate disclosure, when appropriate, within a foster care review proceeding brought pursuant to section 392 of the Social Services Law and consequently predicated the direction to disclose on a waiver theory. Disclosure, under section 372, reasoned the court, may only be directed by a Justice of the Supreme Court, not a Judge of the Family Court. Hence disclosure, if it be had, must issue on some other basis. Consequently, the act of the Commissioner of Social Services in initiating the foster care review proceeding was construed as a waiver of the statutory privilege of confidentiality in regard to these records. We do not agree.

Waiver is a *voluntary* relinquishment of a right with knowl-

edge of all the facts. It is predicated on intent. Periodic foster care review proceedings are *mandated* by law as delineated above and the initiation of such a proceeding in and of itself may not serve as a basis for waiver of confidentiality. Indeed, section 392 of the Social Services Law itself serves as the fountainhead for the authority of the Family Court to direct disclosure where appropriate under proper supervision. Scrutiny of sections 392 and 372 of the Social Services Law warrants concluding that any conflict between them is more apparent than real. Patently, a foster care review proceeding brought pursuant to and under the mandate of section 392 is vested solely in the Family Court. On the other hand, an application under section 372 may be *de novo* and be entirely unrelated to a foster care review proceeding. Indeed, the application may be necessitated by circumstances completely alien to a foster care review proceeding. Under such circumstances, where, for example, no foster care review proceeding is pending, but it is necessary to obtain extracts from such records, relief is afforded certain enumerated individuals to make application in the first instance to the Supreme Court in order to obtain extracts from the records. This is the intent and the purpose behind subdivision 3 of section 372 of the Social Services Law. However, to reiterate, a foster care review proceeding (Social Services Law, § 392) is vested solely in the Family Court. Section 165 of the Family Court Act states: " Where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed by this act, the procedure shall be in accord with rules adopted by the administrative board of the judicial conference or, if none has been adopted, with the provisions of the civil practice act to the extent they are suitable to the proceeding involved. Upon the effective date of the CPLR, where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent they are appropriate to the proceedings involved ". Accordingly, in the interest of justice and proper procedure, giving every fair intendment to section 392 and subdivision 3 of section 372 of the Social Services Law, it must be concluded that the Family Court has the requisite jurisdiction and authority to entertain an application for disclosure such as that brought by the natural mother herein within a foster care review proceeding.

We now consider the remaining, but crucial issue regarding the breadth of disclosure allowed. Notwithstanding the measures taken by the Family Court to limit the disclosure here

ordered, the direction that the records be turned over for inspection in their entirety, without any examination of such records by the Family Court to determine the materiality and relevance of the various records to the proceeding with the concomitant need for their disclosure, constitutes an abuse of discretion. The statutory privilege of confidentiality is by reason intended to protect at the very least the persons who are the subjects of such records, and, very likely, also those who are the sources of such information. The Commissioner of Social Services does not appear to be opposed to limited disclosure of agency records in a proper case. It has already been noted that section 372 allows such limited disclosure on application to a Justice of the Supreme Court. However, disclosure of the type of records sought herein, in whatever court it is afforded, should be limited to what is shown to be necessary and should be accompanied by adequate safeguards to limit as much as possible the unnecessary loss of confidentiality. In pursuit of this goal, the following is suggested as a possible guide in properly balancing the need for disclosure, the privilege of confidentiality and the paramount interest of what is best for the child: Upon " notice of disclosure of records " served by the natural parent in a foster care review proceeding, the agency will permit discovery and inspection by counsel for such party of agency records agreed to be disclosed by the agency at the agency or at the Family Court " under supervision ". As to those records as to which the agency seeks protection, the agency must furnish counsel for the moving party a list stating generally the nature of the materials withheld and if counsel cannot agree with regard to the materials withheld, then the agency shall move for a protective order pursuant to CPLR 3103 with the contested matters to be viewed by the Family Court *in camera*.

The direction in the order appealed from herein to the effect that counsel not make extracts from the records or convey such information to his client, portends conflict between the duty of counsel to his client and the duty of counsel to the court as an officer thereof. Such extraordinary direction should issue only upon a sufficient showing of the grave need therefor. In any event, section 166 of the Family Court Act provides that the records of any proceeding in the Family Court are private and not open to indiscriminate public inspection.

The order of the Family Court, New York County (GARTEN-STEIN, J.), entered February 26, 1974, should be modified, on the law and the facts, by reversing so much thereof as directs the Commissioner of Social Services of the City of New York

and the Edwin Gould Services for Children to deposit with the Clerk of the Family Court agency records pertaining to the infant subject of this proceeding, there to be available for inspection by counsel for the various parties; motion granted to provide for disclosure to counsel for the natural mother at the agency or at the Family Court at the convenience of the agency within 10 days after entry of the order of this court, with leave to the Commissioner of Social Services and the agency to apply for a protective order with regard to any part of the record for which continued confidentiality is deemed advisable and agreement thereto cannot be reached with counsel for the natural mother, in which event the disputed material will be viewed *in camera* by the Family Court, and, as so modified, affirmed, without costs and disbursements.

MATTER OF ROSLYN AND ROSEMARIE R.
MATTER OF SARA R.

In a foster care review proceeding (Social Services Law, § 392) to which a habeas corpus proceeding has been transferred and consolidated therewith, respondents Commissioner of Social Services of the City of New York and the New York Foundling Hospital appeal, by leave of this court, from so much of the orders of the Family Court, New York County, entered March 8, 1974 and March 20, 1974, as granted counsel for the natural mother discovery and inspection of the records, in their entirety, pertaining to her two children which are provided and maintained by respondents. The natural mother, Sara R., cross-appeals from so much of these orders as prohibited her counsel from making copies or extracts from the records otherwise directed to be disclosed for inspection. In the instant foster care review proceeding initiated by the Commissioner of Social Services, the natural mother of the two infant children, the subjects of the proceeding, was named as a party respondent. Said infant children, Roslyn R. and Rosemarie R., were temporarily committed to the custody of the Commissioner of Social Services shortly after their birth and placed in a foster home through New York Foundling Hospital, also a party to this proceeding.

While the foster care review proceeding was pending, the natural mother commenced a habeas corpus proceeding in the Supreme Court, New York County, seeking therein to regain custody of the two children. In the habeas corpus proceeding, she moved pursuant to subdivision 3 of section 372 of the Social Services Law for an order permitting disclosure of the records maintained by the agencies with respect to said infants. By

order of the Supreme Court, New York County (Evans, J.), entered February 21, 1974, this application was denied with the observation that: " there are pending in the New York Family Court two petitions for Review of Foster Care Status pursuant to Social Services Law, Section 392 * * * While this court has jurisdiction to order the furnishing of extracts of records pursuant to the section, the pendency of the proceeding in the Family Court makes applicable Family Court Act, section 165 providing for the procedure of the CPLR to be applicable to the extent that it is appropriate to the proceedings involved * * * the application is denied and petitioner is advised to seek disclosure in the Family Court ". The natural mother also appeals from this order.

Section 392 of the Social Services Law as enacted grants exclusive jurisdiction to the Family Court and " its original purpose appears to have been fiscal in nature as a spur to the resolution of situations where foster care and the higher attendant expense thereof to the taxpayers (as opposed to possible adoptions of the same children or return to their biological parents and the lower cost to the taxpayers attendant thereon) might have been allowed to continue indefinitely " (Gartenstein, J., 77 Misc 2d 363, 364). The jurisdiction of the Family Court was also expanded in respect of the issue of custody by section 651 of the Family Court Act, which provides, *inter alia*, that the Family Court now has jurisdiction " to determine, *with the same powers possessed by the supreme court* in addition to its own powers, habeas corpus proceedings and proceedings brought * * * for the determination of the custody of minors [when referred from the Supreme Court or County Court to the Family Court] " (emphasis supplied). These legislative enactments compel the conclusion that unless the procedure delineated in section 392 of the Social Services Law is to be meaningless, the complete record of the agency must be deemed available to the Family Court for review and subject to the power of that court to order disclosure where appropriate and under reasonable safeguards. The very nature of the foster care review proceeding places in issue the agency's care of the child. As a practical matter, the agency's case record represents the only history for all but a relatively few children in foster care. Note has been taken of section 372 of the Social Services Law which understandably affords these case records the protective aegis of confidentiality (see, also, Family Ct. Act, § 166). However, both under section 372 of the Social Services Law and section 166 of the Family Court Act, discre-

tion rests with the court as to disclosure. The potential for damage by automatic disclosure of these records is great and our opinion is not to be construed as advocating or permitting by implication or otherwise such disclosure. What we do declare in unequivocal terms is that the best interest of the child is the transcendent principle, and disclosure based on this foundation, properly circumscribed, is favored under appropriate circumstances. As we have already said, a blanket direction that counsel for the party permitted inspection not to make extracts from the records or convey such information to his client is extraordinary and should only issue upon a clear showing of the need therefor. The discretion vested in the Family Court regarding disclosure will, obviously, be exercised upon any *in camera* supervision of disclosure as is warranted under the terms of our disposition and applicable law, and it is at that point that this particular issue obtains relevance.

The orders of the Family Court, New York County (GARTENSTEIN, J.), respectively entered March 8, 1974 and March 20, 1974, should be modified, on the law and the facts, by reversing so much thereof as directs the Commissioner of Social Services and the New York Foundling Hospital to deposit with the Clerk of the Family Court agency records pertaining to the infant subjects of this proceeding, there to be available for inspection; motion granted to provide for disclosure to counsel for the natural mother at the agency or at the Family Court at the convenience of the agency within 10 days after entry of the order of this court, with leave to the Commissioner of Social Services and the agency to apply for a protective order with regard to any part of the record for which continued confidentiality is deemed advisable and agreement thereto cannot be reached with counsel for the natural mother, in which event the disputed material will be viewed *in camera* by the Family Court, and, as so modified, affirmed, without costs and disbursements.

Order of the Supreme Court, New York County (EVANS, J.), entered February 21, 1974, should be affirmed without costs and disbursements.

MATTER OF IRENE AND LISA F.

In this section 392 of the Social Services Law review proceeding, the foster mother, by leave of this court, appeals from an order of the Family Court, New York County (CAPUTO, J.), entered March 7, 1974, denying her application for an order permitting discovery and inspection of the authorized agency's case record (St. Christopher's Home) and "pre-trial disclosure and discovery" of the natural father. The detailed analysis

of the applicable statutes, their intent and inter-relation, enunciated in respect of the appeals — *Matter of Carla L.* and *Matter of Roslyn and Rosemarie R.* — is equally relevant to this appeal. Patently, since the review proceeding has as its primary function review of *foster care* status and, as its origin lies in fiscal accountability, declaring the foster parent a party to the proceeding is necessary and salutary. Noteworthy is the fact that insofar as a natural parent is concerned, such parent is specifically given party status where that parent " committed such child *temporarily* to the care of an authorized agency " (Social Services Law, § 392, subd. 4, par. [d]; emphasis supplied). A situation in which a child has been surrendered and the surrendering parent has sought judicial assistance in undoing the surrender is not presented. The law is clear that under these circumstances, " the primacy of parental rights may not be ignored " (*Matter of Spence-Chapin Adoption Serv.* v. *Polk*, 29 N Y 2d 196, 203; see, also, *Stanley* v. *Illinois*, 405 U. S. 645). No abandonment or outstanding formal surrender is present on this record.

The primacy accorded the natural parent's right under the circumstances herein serves as the predicate for affording to the natural parent the opportunity to obtain disclosure of an authorized agency's case record and justifies the procedures delineated in *Matter of Carla L.* and *Matter of Roslyn and Rosemarie R.* for the obtaining of such disclosure when appropriate. Initially, the authorized agency and the natural parent may resolve the issue of confidentiality by stipulation, and it is only where continued confidentiality is desired that resort to the Family Court with *in camera* inspection by that court of the disputed material is necessary. Thus, discretion is afforded to the authorized agency to permit disclosure in the first instance. In this regard, it is again noted that section 372 of the Social Services Law specifically enumerates a natural parent as among those to whom disclosure may be afforded. Although not so enumerated in section 372 of the Social Services Law, a foster parent is given status as a party in a section 392 foster care review proceeding and, as already stated, it is section 392 which serves as the fountainhead for the rights of the parties within a foster care review proceeding. Consequently, an opportunity should be afforded a foster parent to obtain disclosure when appropriate in a foster care review proceeding.

However, the different relationships inherent in the foster parent and natural parent require a different procedural method wherein and whereby such disclosure may be obtained by a foster

parent. Recognition of these relationships and the absence of a foster parent from the designated classes to whom disclosure may be afforded in section 372 of the Social Services Law mandate the conclusion that such disclosure may be had only upon a proper showing of necessity, coupled with *in camera* viewing by the Family Court. Initial disclosure by way of stipulation may be had, but only where court approval is obtained. Thus, the Family Court is of necessity involved *ab initio* with the disclosure process when disclosure is sought by a foster parent.

With respect to that part of the foster parent's application seeking to depose the natural father, special circumstances must be shown to warrant such examination. In proceedings such as this, where there is a need for expedition in determining what will be in the best interest of the affected child, there is no basis, absent a showing of special circumstances, for imposing on a party the burden of attendance at an examination with the attendant risk that extensive pretrial discovery proceedings will delay the court's making its determination. On this record, such a showing has not been made by the foster parent.

The order of the Family Court, New York County (CAPUTO, J.), entered March 7, 1974, should be modified, on the law and the facts, by reversing so much thereof as denied the foster parent's application for disclosure of the authorized agency's case record; motion granted to provide for disclosure to counsel for the foster mother pursuant to stipulation between the parties, if so approved by the Family Court, at the agency or at the Family Court at the convenience of the agency within 10 days after such approval of the stipulation, and, in the absence of such stipulation, the disputed material will be viewed *in camera* by the Family Court; motion denied insofar as " pre-trial disclosure and discovery " of the natural father is sought, with leave to movant to apply for this relief upon a proper showing of special circumstances demonstrating the need for same within 10 days after entry of the order of this court, and, as so modified. affirmed, without costs and disbursements.

KUPFERMAN, J. (concurring in part and dissenting in part). My difference with the majority opinion in these various appeals having to do with disclosure of confidential records applies only in this matter and only with respect to the status of foster parents.

As a reaction to the restrictive decision in *Spence-Chapin Adoption Serv.* v. *Polk* (29 N Y 2d 196), the Legislature in 1972 adopted the following provision as part of subdivision 3 of section 384 of the Social Services Law: " Any person or persons

having custody for more than twenty-four months through an authorized agency for the purpose of foster care shall be permitted as a matter of right, as an interested party, to intervene in any proceeding commenced to set aside a surrender purporting to commit the guardianship of the person or custody of a child executed under the provisions of this section. Such intervention may be made anonymously or in the true name of said person or persons having custody of the child for the purpose of foster care." I read this to mean that when the foster parents have had an authorized custody for more than 24 months, they have standing in any proceeding equal to that of a parent, or an authorized agency or institution with respect to the various rules as to disclosure proceedings set forth in this opinion, and with which I concur.

MARKEWICH, J. P., and CAPOZZOLI, J., concur with LUPIANO, J.; KUPFERMAN and STEUER, JJ., concur in part and dissent in part as to appeal in third above-entitled proceeding in an opinion by KUPFERMAN J.

Order, in first above-entitled proceeding, Family Court of the State of New York, New York County, entered on February 26, 1974 unanimously modified, on the law and the facts, by reversing so much thereof as directs the Commissioner of Social Services of the City of New York and the Edwin Gould Services for Children to deposit with the Clerk of the Family Court agency records pertaining to the infant subject of this proceeding, there to be available for inspection by counsel for the various parties; motion granted to provide for disclosure to counsel for the natural mother at the agncy or at the Family Court at the convenience of the agency within ten days after entry of the order of this court, with leave to the Commissioner of Social Services and the agency to apply for a protective order with regard to any part of the record for which continued confidentiality is deemed advisable and agreement thereto cannot be reached with counsel for the natural mother, in which event the disputed material will be viewed *in camera* by the Family Court, and, as so modified, affirmed, without costs and without disbursements.

Orders, in second above-entitled proceeding, Family Court of the State of New York, New York County, entered on March 8 and March 20, 1974, respectively, unanimously modified, on the law and the facts, by reversing so much thereof as directs the Commissioner of Social Services and the New York Foundling Hospital to deposit with the Clerk of the Family Court agency records pertaining to the infant subjects of this proceeding,

there to be available for inspection; motion granted to provide for disclosure to counsel for the natural mother at the agency or at the Family Court at the convenience of the agency within ten days after entry of the order of this court, with leave to the Commissioner of Social Services and the agency to apply for a protective order with regard to any part of the record for which continued confidentiality is deemed advisable and agreement thereto cannot be reached with counsel for the natural mother, in which event the disputed material will be viewed *in camera* by the Family Court, and, as so modified, affirmed, without costs and without disbursements.

Order, in third above-entitled proceeding, Family Court of the State of New York, New York County, entered on March 7, 1974, modified, on the law and the facts, by reversing so much thereof as denied the foster parent's application for disclosure of the authorized agency's case record; motion granted to provide for disclosure to counsel for the foster mother pursuant to stipulation between the parties, if so approved by the Family Court, at the agency or at the Family Court at the convenience of the agency, within ten days after such approval of the stipulation, and, in the absence of such stipulation, the disputed material will be viewed *in camera* by the Family Court; motion denied insofar as " pre-trial disclosure and discovery " of the natural father is sought, with leave to movant to apply for this relief upon a proper showing of special circumstances demonstrating the need for same within 10 days after entry of the order of this court, and, as so modified, affirmed, without costs and without disbursements.

Order, in fourth above-entitled proceeding, Supreme Court, New York County, entered on February 21, 1974, unanimously affirmed, without costs and without disbursements.