Millard L. Midonick, J.
In this proceeding to free an infant for subsequent adoption without a surrender by the natural mother, pursuant to section 384 of the Social Services Law, the natural mother has appeared by counsel. The natural mother has filed an answer to this petition denying abandonment and raising various issues of fact in order to oppose such commitment of the infant to Spence-Chapin Services to Families and Children, for purposes of adoption.
This court has concurrent jurisdiction with the Family Court in matters such as this one. The interests of justice and the welfare of the infant indicate that the issue of abandonment and the other matters relating to the petition and answer be heard in the Family Court, in this particular matter and others like it, as an experimental effort to find a way to avoid the present excessive concentration of contested commitment proceedings in the Surrogate’s Court of New York County. Nevertheless, this court has conferred with the Administrative Judge of the Family Court of the State of New York within the City of New York who has informed us that contested commitments would be among the lowest priority and cannot be handled there now unless subject to long delay. The statute gives priority to cases in the Family Court involving abused children and serious acts of delinquency. Presently, the Family Court’s calendar has awaiting trial more than 100 cases such as this commitment for abandonment, and those involving commitment due to the permanent neglect which have the same effect of freeing infants for adoption. When conditions improve, which he hopes will in a few months, he assures us that he will co-operate for transfer by this court to his court of a case such as this one.
The court will take this opportunity to discuss the reasons underlying our determination that contested cases such as this one should not be tried in this court except when necessary due to congestion and inability to obtain services in other courts.
One burdensome factor involves the necessity of the appointment of a guardian ad litem for the infant in these matters. My colleague and I appoint attorneys to serve this *141 function without compensation in these proceedings. The provisions of article 18-B of the County Law providing for compensation in these cases for Law Guardians who are appointed in the Family Court, as well as the agreement between the Appellate Division of the First and Second Departments and the Legal Aid Society by which Law Guardians served on a salaried basis in the Family Court, do not apply to attorneys appointed in the Surrogate’s Court as guardians ad litem for indigent infants. Usually the objecting parent is also indigent and requires a lawyer who will serve without compensation. These lawyers who serve in the Surrogate’s Court should be compensated. An amendment to the County Law should be enacted, but until such amendment, this court will undertake to persuade public-spirited attorneys satisfactory to the natural parents to represent them without compensation. A trial of this matter in Surrogate’s Court will necessitate that a guardian ad litem for the infant and a lawyer appearing for the parent will each spend many hours without compensation in this proceeding not only in preparation but in actual contest at trial. Transfer to Family Court will at least involve a salaried lawyer for the infant. Despite the fact that this court has concurrent jurisdiction with the Family Court and irrespective of the privilege given the agency to originate this proceeding in the county in which it has an office for the regular conduct of business (Social Services Law, § 384-b, subd 3), some effort should be made by counsel for this agency and others to institute some of these proceedings in the Family Court in view of its city-wide facilities for handling these cases and in view of the shortage of personnel in this court occasioned by budgetary restrictions.
The power of this court to transfer a commitment proceeding to the Family Court which has concurrent jurisdiction is not expressly set out in any statute. Each Surrogate can decline to entertain jurisdiction in the first instance or a case could be dismissed where the forum is inconvenient (SCPA 102, 209, subd 9; CPLR 327). But such termination would entail additional effort for the petitioner and sometimes expense to regain jurisdiction in a new proceeding. Surrogate Laurino of Queens County recently wrote at length on the subject of transfer of an adoption proceeding to the Family Court. He analyzed the statutes relevant to adoptions and the powers of the Surrogate’s Court (Matter of Anonymous, NYLJ, June 24, 1976, p 13, col 3). In that case, the Surrogate *142 concluded that the power of the Surrogate’s Court to transfer an adoption proceeding to the Family Court is an incidental power not enumerated, but rather reserved to the Surrogates in SCPA 209 (subd 10): "The enumeration of powers herein shall not be deemed exclusive.” The following statutory provisions were discussed in his decision: subdivision 2 of section 116 of the Domestic Relations Law which allows the Surrogate, after investigation, to transfer issues involving a child to the Family Court; SCPA 209 (subd 3) and SCPA 501 which set forth the powers of the Surrogate’s Court to transfer to itself actions or proceedings pending in courts other than the Supreme Court. Moreover SCPA 209 (subd 9) provides that the Surrogate’s Court in the éxercise of its jurisdiction shall have "all of the powers that the supreme court would have in like actions and proceedings including, but not limited to, such incidental powers as are necessary to carry into effect all powers expressly conferred herein.” These powers include those arising from the general jurisdiction of the Surrogate’s Court over commitments "conferred upon [the court by any] statute or provision of law”. (SCPA 201, subd 1.) CPLR 510 provides: "The court, upon motion, may change the place of trial of an action where * * * 3. the convenience of the material witnesses and the ends of justice will be promoted by the change.”
This proceeding involved an infant and a natural mother, both of whom reside in Queens County, not in New York County. The only statutory ground for choice of New York County submitted by the attorneys for the parties consists of the permissive venue choice given to the petitioning licensed foster care and adoption agency to lay venue in the county where its office is located (Social Serviqes Law, § 384-b, subd 3, par [b]). This permission does not mandate such venue upon the Surrogate’s Court of New York County in every instance where the agency is a party. The agency and the Corporation Counsel of the City of New York, which gave custody of the infant to the adoptive agency, have their legal staffs located in this area of New York County and urge that any Queens County forum would be inconvenient for counsel.
This court has for many years, despite the burden on our staff, accepted the bulk of all preadoption commitment cases involving infants and parents from all of the five counties in the City of New York. We will continue to try to process commitment cases brought here with efficiency and dispatch.
*143 This opinion merely seeks to improve the administration of justice in future cases where a contest arises because a parent or parents do not wish their infant freed for adoption. In many hundreds of these cases from counties in this city outside of New York County, this court gladly assists in the disposition of these cases which are uncontested. No lengthy trials are involved. This service is rendered by this court despite the fact that free legal assistance must be provided both for the infants and parents, even in uncontested commitments as well as contested ones.
Moreover, this court gladly discharges the burden even of contested commitments where the parents reside in our own County of New York. Where as here in contested commitments involving parents living outside the County of New York the improvement of the administration of justice dictates a distribution of some of these cases to other courts. This single New York County Surrogate’s Court should be relieved at least of some of the burden of four other counties in contested commitments. These should be disposed of either in the city-wide Family Court or Surrogate’s Courts of the counties where the parents reside.
The court will set this case down for a hearing in this court. There is also a motion for a protective order before this court in this matter which will be determined in a separate decision.