Millard L. Midonick, S.
There is a motion before the court brought by the adoption agency for a protective order vacating the mother’s notice of disclosure and inspection. The said notice demands that certain documents and records be made available to the natural mother or her attorneys pursuant to CPLR 3120 (subd [a]) and that she be permitted to inspect, copy, or mechanically reproduce the records.
*150 The adoption agency has instituted the underlying proceeding pursuant to section 384 of the Social Services Law for the commitment of the custody of the infant to the agency for the purposes of adoption. Section 384-b of the Social Services Law provides that the custody of a child under 18 years of age may be committed to an authorized agency if the child has been abandoned by its natural parents. The mother seeks discovery of the agency records in connection with the issue of her abandonment of the infant.
The agency seeks the protective order on the grounds that, under CPLR 3101 (subd [a]) and Matter of Carla L. (45 AD2d 375) and related cases, only matters necessary, relevant and material to the conduct of the proceeding need be disclosed. The agency contends that the agency’s records concerning the employment record of the caseworker, including records and reports, if any, concerning alcoholism or addiction, have no bearing on the issues involved and furthermore, the request is highly improper. Moreover, the agency alleges that the entire case record relating to this child and the respondent mother has been made available to and inspected by the mother’s attorney. The agency further contends that photostatic copies of confidential records cannot and should not be permitted, without a showing of absolute need, citing Matter of Moore (NYLJ, March 3, 1975, p 13, col 8) and Matter of Waddell (NYLJ, Feb. 4, 1975, p 18, col 2; cf. Matter of Maxtone-Graham, 90 Misc 2d 107).
The employment record of the agency caseworker is not relevant and material in the pending proceeding and should not be disclosed. Moreover, the agency has disclosed its case record relating to the Family Court termination proceeding to the respondent mother’s attorney, and such records shall be made available for further inspection if such is required.
To insure confidentiality, the court cannot permit photocopies to be made of the agency records, unless such copies are delivered and kept in the files of the court where they can be made available for reasonable inspection. (Matter of V.S., NYLJ, April 21, 1977, p 11, col 1; Matter of V.S., 90 Misc 2d 139.) Since the agency has made these records available for inspection and will continue to do so, this procedure is unnecessary here.
Motion for protective order is granted in all respects and the notice for disclosure is vacated.