■ LINDA WARREN et al., as Parents and Natural Guradians of Daphne Warren, an Infant, et al., Appellants, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County, entered April 21, 1978, denying plaintiffs' motion for discovery and inspection of certain documents contained in the records of the Department of Social Services of the City of New York, affirmed, without costs and disbursements. Appellants have not argued that the Trial Justice abused his discretion in withholding portions of the file, which portions appear to refer to informants. Absent any cogent reason for disturbing Special Term's discretionary determination, its decision should not be disturbed. We conclude, therefore, that Special Term by its ruling balanced the need for disclosure and did not abuse its discretion. Concur—Birns, J. P., Silverman and Ross, JJ.

Sandler, J., and Fein, J., dissent in part in a memorandum by Sandler, J., as follows: Plaintiffs sue on their own behalf and on behalf of their infant daughter to recover damages for the alleged wrongful taking and detention of the child. The child was removed from their custody by a caseworker for the Department of Social Services, to whom plaintiffs had gone for financial and other assistance, and who had concluded that conditions dangerous to the child's welfare were present requiring the action. Thereafter, some weeks later, the child was returned to the plaintiffs, a determination having been made that the dangers originally perceived no longer existed. During a deposition of the caseworker, plaintiffs' counsel was permitted to examine portions of the case record. A notice by plaintiffs for its production was not responded to by the defendants. Thereafter, plaintiffs moved pursuant to CPLR 3124 to compel the production for inspection, copying and reproduction of, *inter alia,* all documents comprising the case work records maintained by the Department of Social Services with reference to the infant. By an order of Special Term, entered September 28, 1977, plaintiffs' motion was granted to the extent of directing delivery of the requested documents to the clerk of the court with leave for an application to be made to the Special Term, Part II Justice to review the records and determine "which portions of the records are material and necessary in the prosecution of this action and may be copied by the plaintiffs." Following a review of the records the court at Special Term, Part II made available to plaintiffs some 11 documents from the file but withheld permission to examine some 15 pages of the records including the caseworker's typewritten entries of his day-to-day activities on the case. Plaintiffs appeal from the written order, entered on April 21, 1978, embodying this determination. The materiality of the caseworker's typewritten entries is undeniable. Indeed, I think it clear that these entries may well be the most critical evidence in the case. It seems apparent that Special Term's determination was based on its application to the facts presented of the provisions of subdivision 3 of section 372 of the Social Services Law, which provides in pertinent part as follows: "Upon application by a parent * * * after due notice to the institution or authorized agency affected and hearing had thereon, the supreme court may by order direct the officers of such institution or authorized agency to furnish to such parent * * * such extracts from the record relating to such child as the court may deem proper." Preliminarily I doubt very much that this section has any pertinence whatever to the records in issue. The records encompassed in subdivision 3 of section 372 of the Social Services Law are described in subdivision 1 of section 372 as records required to be maintained by courts, agencies and officers "having powers or charged with duties in relation to abandoned, delinquent, destitute, neglected or depen-

dent children who shall receive, accept or commit any child". The section appears to contemplate records required to be maintained by agencies or public officials after a child has been received, accepted or committed. None of the records in issue here pertain to that period of time. As persuasively argued by the plaintiffs, the records here more likely come within the compass of section 422 of the Social Services Law, requiring the maintenance of records concerning child abuse and maltreatment reports. As to such records, it is explicitly provided that they shall be made available to "any person who is the subject of the report" (see Social Services Law, § 422, subd 4, par [d]), with the single proviso that "the commissioner is authorized to prohibit the release of data that.would identify the person who made the report or who cooperated in a subsequent investigation, which he reasonably finds will be detrimental to the safety or interests of such person." (Social Services Law, § 422, subd 7.) Under the facts presented, however, I think it is of only academic interest whether the issue be deemed governed by section 372 of the Social Services Law or section 422 of the Social Services Law. In my opinion the same result should follow whichever section applies. As to section 372, the following was said in an appeal from a Family Court proceeding: "The statutory privilege of confidentiality is by reason intended to protect at the very least the persons who are the subjects of such records, and, very likely, also those who are the sources of such information * * * However, disclosure of the type of records sought herein, in whatever court it is afforded, should be limited to what is shown to be necessary and should be accompanied by adequate safeguards to limit as much as possible the unnecessary loss of confidentiality." (Matter of Carla L., 45 AD2d 375, 382.) Turning to the records here, they fall roughly into two categories. One involves inter-agency communications following the commencement of the lawsuit and reviews the agency's actions in connection with the lawsuit and its response to the claim made. As to these, I would agree that as a matter of discretion, quite without regard to the provisions of section 372, Special Term could appropriately withhold discovery. The remaining group of documents concerns primarily the caseworker's typewritten entries of his day-to-day activities on the case. With a limited exception, nothing in these entries raises the remotest question of confidentiality. The entries describe the caseworker's conversations with the adult plaintiffs who were seeking financial and other assistance and communications with other agencies with which the plaintiffs had been in contact. Surely the receipt by plaintiffs and their counsel of these records in no way imperils their interest in confidentiality. Nothing in the records bears unfavorably on the infant so that it could be thought that the infant's rights were somehow imperiled. And it is difficult to see how communications by agencies with which plaintiffs had been in contact and which appear to involve objective information could raise an arguable issue of the confidentiality of the informants. Only two brief paragraphs, describing a conversation with a private person and part of the entries for September 18, 1975, raise a possible issue bearing on the confidentiality of an informant. I agree that these paragraphs may be reasonably withheld. As to the rest, I see no basis whatever in section 372 of the Social Services Law, as interpreted by this court, or in section 422, that remotely justifies the withholding from these plaintiffs of records that are central to the principal issue in this lawsuit. Accordingly, I would modify the order at Special Term to the extent of directing disclosure to plaintiffs of the caseworker's typewritten entries with the sole exception of the two paragraphs, described above, relating to a conversation with a private person.