■ CARLOS SAM, Respondent, v BEVERLY SANDERS et al., Appellants, and NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Intervenor-Respondent-Appellant. — Judgment, Supreme Court, New York County, entered March 11, 1980, which, *inter alia,* directed the disclosure in the third category of certain information relating to petitioner's younger sisters, Marie and Diane, modified, on the law, by eliminating from the third category all material referring to Marie and Diane without prejudice to a renewal of the application before the agency upon a showing of need and that it would be in the best interests of his younger sisters to provide that information; and, as modified, affirmed, without costs. Petitioner spent almost his entire life in foster care. In 1978, he sought disclosure of his confidential records with the New York City Department of Social Services (the agency) so that he could bring an action against that agency for malfeasance in his care and treatment. Disclosure was sought primarily under the Freedom of Information Law (FOIL) (Public Officers Law, § 84 *et seq.)* and subdivision 3 of section 372 of the Social Services Law. While the agency denied the petitioner's request, Special Term found that he was entitled to limited disclosure of the files under certain specific conditions. Disclosure of petitioner's confidential files is directly governed by subdivision 3 of section 372 of the Social Services Law; hence, FOIL does not control by reason of section 87 (subd 2, par [a]) of the Public Officers Law. Implicitly, petitioner has standing under subdivision 3 of section 372 of the Social Services Law to seek disclosure of his own files. Under that section, Special Term had discretion to order such disclosure as it deemed proper. In that regard, Special Term was required to limit disclosure to what was shown to be necessary. It was also required to impose adequate safeguards to limit, as much as possible, the loss of confidentiality. *(Matter of Carla L.,* 45 AD2d 375, 382.) For the most part, we agree with the substance and the extent of the disclosure

ordered by Special Term. However, we find an abuse of discretion in one limited area. In ruling upon the third category of documents in the agency's files, Special Term found that references to petitioner's siblings need not be redacted since they were not of such a sensitive nature as to require confidentiality. At the time of Special Term's determination, petitioner's half sister, Marie, was 15 years old; she was then residing in a foster home. Another sister, Diane, was 17 years old; she had previously been adopted. In requesting his files, the petitioner never informed the agency that he wished to use them to reinstitute contact with his younger sisters. This matter was raised for the first time at Special Term. Since there is an indication that petitioner is presently incarcerated and that he has violent tendencies, extreme caution must be observed before permitting petitioner to have even minimal information about his younger sisters' backgrounds. Moreover, care must be taken to prevent petitioner from using the knowledge gained from these files to establish direct contact with his sisters without any supervision from the courts or the agency. Upon a showing of the need for this information and that it would be in the best interests of his sisters to provide him with this information, the petitioner may renew his application with the agency. Concur — Murphy, P.J., Sullivan, Markewich, Lupiano and Bloom, JJ.