OPINION OF THE COURT
Peggy C. Davis, J.
In this delinquency proceeding it was ordered at intake that the Society for the Prevention of Cruelty to Children (Society) investigate whether respondent is a neglected child. The alleged delinquency appears to involve an act of violence within the home. The Society has investigated and reported that it does not regard respondent as neglected and has denied counsel for the child access to its report. The report has been subpoenaed by the court at the request of the child’s attorney, and the Society has moved to quash. Both sides rely upon section 422 of the Social Services Law. If section 422 is applicable, the report should, by the terms of that section, be relinquished. Subdivision 4 of section 422 makes reports of child neglect and “any * * * information obtained, reports written or photo *521 graphs taken concerning such reports” available to “any person who is the subject of the report.” Section 412 of the same title defines “subject of the report” as “any child reported *** and his or her parent, guardian or other person legally responsible also named in the report” (emphasis added). Clearly the child’s attorney is not, as the Society seems to suggest, acting as an individual; she is acting in behalf of her client, and, in that capacity has a right to any reports made in connection with a complaint pursuant to title 6 of the Social Services Law that respondent is neglected or abused.
The parties’ reliance upon the Social Services Law may, however, be misplaced. The record does not clearly establish that the Society is acting in this matter pursuant to title 6 of the Social Services Law; that the allegation of neglect was made to the central register; or that the Society is, for these purposes, an agent of the Department of Social Services. (See Social Services Law, § 412, subd 4; §422, subd 4.) The Society was presumably ordered to investigate pursuant to section 1034 of the Family Court Act and should, according to the terms of subdivision 1 of section 1034 of the Family Court Act, “conduct a child protective investigation as described by the social services law”. The court therefore deems it appropriate to apply section 422 of the Social Services Law. However, in the event that section 422 were deemed inapplicable, the court would deny the application to quash the subpoena on the basis of its finding, hereby entered, that the requested report is relevant to the issues which should be investigated in order that counsel might prepare a thorough defense in the delinquency matter and make a fully informed determination on the questions whether and when it would be appropriate to request that the court substitute a neglect petition pursuant to section 716 of the Family Court Act or direct the filing of a neglect petition pursuant to subdivision (b) of section 1032 or section 255 of the Family Court Act.
The Society has asked, in the event that the subpoena is not quashed, that the court review its report and “determine which material should be shared or redacted.” In support of this request, it cites Matter of Carla L. (45 AD2d *522 375) and section 50-a of the Civil Rights Law. Carla L. was decided pursuant to section 372 of the Social Services Law, which differs in relevant respects from section 422 and concerns the rights of parents and foster parents to review foster care case records. Section 50-a of the Civil Rights Law relates to personnel records of police officers. However, in view of the potentially sensitive nature of the reports and the policy of limited confidentiality expressed in section 422 the court will review them in camera to determine whether disclosure would prejudice any party to an extent which outweighs the right of respondent to prepare a thorough defense. The court must be mindful, however, in making such review, that a child who is the subject of a neglect investigation — unlike parents and foster parents of a child who is the subject of the records described in section 372 — has an unqualified right, pursuant to section 422, to access to those records.
The Society is directed to submit its reports to the court on or before February 8, 1982 and to indicate which portions it wishes the court to redact before release and the basis of its request. The reports will be available with any redactions deemed appropriate by the court, for inspection in the courtroom by Corporation Counsel and counsel for the child within 24 hours of their receipt by the court.