■ In the Matter of GEORGE LUCAS, Respondent, v VINCENT M. PASTOR, as Village Administrator of the Incorporated Village of Roslyn, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Incorporated Village of Roslyn which denied petitioner's request for certain material pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.* [hereinafter FOIL]), the appeals are (1) as limited by appellants' brief, from so much of a judgment of the Supreme Court, Nassau County (Winick, J.), entered October 4, 1984, as directed appellants to produce requested material and (2) from an order of the same court dated December 17, 1984, which, upon reargument of so much of the judgment as denied petitioner's request for counsel fees, directed a hearing on that issue.

Judgment entered October 4, 1984, affirmed insofar as appealed from.

Appeal from the order dated December 17, 1984 dismissed. That order is not appealable as of right.

Respondent is awarded one bill of costs.

FOIL was enacted to promote the people's right to know the process of governmental decision-making and it is to be liberally construed to grant maximum public access to governmental records *(Matter of Washington Post Co. v New York State Ins. Dept.,* 61 NY2d 557). Where an exemption from FOIL is claimed, the burden is on the governmental agency to establish that the material requested falls within the ambit of Public Officers Law § 87 (2) *(see, Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75). As the status of one asking for documents is not relevant, the fact that petitioner was in litigation with the Village of Roslyn will not affect the propriety of the FOIL request *(see, Matter of Farbman & Sons v New York City Health & Hosps. Corp., supra).* Appellants have failed to show that the records requested by petitioner were previously produced; thus any claim of harassment cannot be sustained. Accordingly, the Supreme Court was correct in ordering that the appellants produce the material requested.

Lastly, the order dated December 17, 1984, directing a judicial hearing to aid in the disposition of a motion is not appealable as of right *(see, Astuto v New York Univ. Med. Center,* 97 AD2d 805; *Bagdy v Progresso Foods Corp.,* 86 AD2d

589). We decline to grant leave. Mollen, P. J., Lawrence, Eiber and Kooper, JJ., concur.