New York News Inc. et al., Petitioners, v William Grinker, as Administrator of Human Resources of the City of New York, et al., Respondents.

Supreme Court, New York County, January 25, 1989

**APPEARANCES OF COUNSEL**

*Coudert Brothers (Kevin W. Georing* and *P. Rivka Schochet* of counsel), for petitioners. *Peter L. Zimroth, Corporation*

Counsel *(Daniel Turbow* of counsel), for William Grinker, respondent. *Robert Abrams, Attorney-General (Robert H. Schack* of counsel), for Cesar Perales, as Commissioner of the Department of Social Services of the State of New York, respondent.

## OPINION OF THE COURT

HERMAN CAHN, J.

This is an application, pursuant to CPLR article 78, for an order permitting and requiring Human Resources Administration (HRA) to disclose to petitioners records and information pertaining to agency actions in the case of Jessica Cortez, victim of child abuse who was recently killed.

Petitioner New York News publishes a newspaper, The Daily News (Daily News), along with writer-researcher Ellen Tumposky (Tumposky) seek the disclosure of the agency records pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.)* (FOIL). Respondent William Grinker (Grinker) is the Administrator of the New York City Human Resources Administration. Respondent Cesar Perales (Perales) is the Commissioner of the Department of Social Services (DSS) of the State of New York.

Tumposky asserts that she seeks to obtain research information regarding the actions of HRA, DSS and other city and State agencies in connection with Jessica Cortez and her family and the people with whom she lived, in order to inform the public of governmental actions and promote public accountability in child abuse cases. She has already written several articles on this subject which have been published in the Daily News. The issue of child abuse is of great public interest and has been the subject of much recent press coverage. At a press conference on December 20, 1988, Grinker announced that none of the information and official records in question would be disclosed to the public because Perales had forbidden him to make them available. Grinker indicated that he desired to make such disclosure, but was not permitted to do so.

Perales issued a press release stating that Grinker is precluded from releasing the information to the public based on sections 372 and 422 of the Social Services Law, both of which contain provisions mandating confidentiality. Petitioners then instituted this proceeding in which they seek an order from the court declaring that respondents have the power to re-

lease to the public the files and records of the deceased juvenile, Jessica Cortez. In the alternative, they seek an order compelling respondents to release the information in question.

The purpose of FOIL is to promote the public's right to know the process of governmental decision-making, and to be kept aware of governmental actions. The law must be liberally construed to grant maximum public access to governmental records. *(See, Matter of Lucas v Pastor,* 117 AD2d 736 [1986].) FOIL was enacted to enhance, to the fullest permissible extent, access of public and news media to records and information in possession of State and local governmental agencies. *(See, American Broadcasting Cos. v Siebert,* 110 Misc 2d 744 [1981].) FOIL also contains provisions to protect legitimate government interests in keeping certain information confidential. Specifically, the law contains exemptions for information specifically exempted from disclosure by State or Federal statute (Public Officers Law § 87 [2] [a]; *see,* Marino, *The New York Freedom of Information Law,* 43 Fordham L Rev 83 [1974]).

■ Perales claims that sections 372 and 422 of the Social Services Law mandate confidentiality here, thus precluding respondents from releasing the information sought by petitioners. Confidentiality in child abuse investigations and complaints furthers an important governmental and societal interest. It insures that the subject of the reports and their families be spared unnecessary embarrassment and encourages the frank disclosure of information by persons having information that a child is or may be abused; it protects the identity of sources and persons who cooperate in an investigation, who might otherwise be reluctant to come forward and cooperate in a child protective situation. Disclosure of sources of information could have a chilling effect, thus hampering agency efforts in providing services to distressed families. Social Services Law § 372 applies to the confidentiality of records relating to foster care. Jessica Cortez, the child involved here, was never subject to foster care, thus making section 372 irrelevant to the instant proceedings. *(See, Matter of Howell v New York City Human Resources Admin.,* 112 Misc 2d 351; *Matter of Darnel,* 77 Misc 2d 1008 [1974].)

Section 422 of the Social Services Law pertaining to a State-wide central register of child abuse and maltreatment reports is the applicable statute. Due to the potentially sensitive nature of the reports, there is a very strong public policy of confidentiality expressed in section 422 (4) *(see, Matter of*

*Damon A. R.,* 112 Misc 2d 520, 522 [Fam Ct, NY County 1982]). Strict confidentiality is provided for except under certain enumerated exceptions (Social Services Law § 422 [4] [A] [a]-[t]).

■ Tumposky argues that as a research writer and investigator into the child welfare system, she is entitled to an exemption under clause (h) thereof which provides confidential information to "any person engaged in a bona fide research purpose, provided, however, that no information identifying the subjects of the report * * * shall be made available to the researcher unless it is absolutely essential to the research purpose and the department gives prior approval". It is simply not possible to release the materials sought, and keep the requisite confidentiality. The court has examined them, and even with redaction of names, etc., the persons mentioned in the report will have their identities revealed. In these circumstances, the public's interest in confidentiality, as enunciated in the statute, must prevail.

Grinker concedes that HRA possesses several documents that he claims are not privileged under Social Services Law § 422. This decision focuses on two such documents examined by the court in camera. One document is a two-page summary of HRA activities pertaining to individuals and family involved in the Cortez case. The other is a letter from Commissioner Grinker to Commissioner Perales outlining these activities, and outlining his views as to agency matters. Grinker argues that since Jessica Cortez is no longer alive, and since her case has attracted great public interest, including allegations that relate to HRA's actions in the case, and some material has apparently already been disclosed to the press by members of her family, as well as by others in governmental offices not covered by the provisions of Social Services Law § 422, he should be permitted to release the documents. HRA maintains that these documents do not contain any information which can any longer be deemed confidential. Further, he implicitly argues that the information he seeks to disclose will correct misinformation already revealed to the public.

■ Even though it is apparent from gleaning through published newspaper stories that "leaks" of confidential agency reports or Family Court proceedings have indeed appeared in print, such breaches by agency or court personnel do not abrogate the confidentiality interest inherent in Social Services Law § 422. The statute and underlying policy do not permit disclosure. The court finds the argument unavailing,

that because confidential information is already in the public domain due to various sources, that the records concerning the Cortez case are therefore outside the confidentiality requirement of Social Services Law § 422.

FOIL "exempts from the wealth of material discoverable thereunder, information which is deemed confidential under any existing statute (see, Public Officers Law § 87 [2] [a])" and having determined that the full disclosure sought by petitioners is barred by the limited confidentiality requirements of Social Services Law § 422, petitioners' efforts to require full disclosure of all records pertaining to the deceased juvenile Jessica Cortez must be rejected. (See, Matter of Newsday, Inc. v Sise, 120 AD2d 8, 15 [2d Dept 1986].)

■ The court has jurisdiction to review petitioners' motion notwithstanding petitioners' failure to make formal application to the agency itself for a ruling pursuant to Public Officers Law § 89 (3) and (4) (a) or to appeal the agency's first decision. Petitioners' failure to file a request pursuant to FOIL or an agency appeal is excused with respect to the aforementioned letter and documents because, based upon public statements by HRA and DSS, it can fairly be said that such a request would be futile. (See, Matter of Pasik v State Bd. of Law Examiners, 114 Misc 2d 397 [Sup Ct, NY County 1982], mod on other grounds 102 AD2d 395 [1st Dept 1984].)

■ The court directs that only the letter from Commissioner Grinker be released to the petitioners. Those parts of the letter that relate to a specific child, either living or deceased, or pertaining to any specific agency action will be redacted to protect the privacy of all individuals involved and to assure compliance with Social Services Law § 422 (4). This will impose safeguards to limit the loss of confidentiality. (See, Sam v Sanders, 80 AD2d 758 [1st Dept 1981]; Matter of Carla L., 45 AD2d 375 [1st Dept 1974].) The other document, the two-page summary, does not lend itself to redaction and will not be released due to the overriding interest in confidentiality. As to the other documents pertaining to the case of Jessica Cortez, they are not yet ripe for decision, but will be dealt with in a separate brief decision.