OPINION OF THE COURT
Howard Spitz, J.
There are approximately 60,000 children in foster care in *712 the State of New York. The instant matter involves the sad and tragic circumstances of one of those children who has spent virtually her entire 14-year life in a foster home or facility due to abuse and neglect by her parents. This court is called upon to examine and weigh the rights of children in foster care as opposed to the rights of the agency in whose care and custody they are placed. Specifically, the Law Guardian for the child who is the subject of a foster care review proceeding pursuant to Social Services Law § 392, has moved for discovery and inspection of the child’s Children’s Services case record which is maintained by the Westchester County Commissioner of Social Services (hereinafter CSS).
The Law Guardian has represented Kimberly for the past eight years. He alleges that it is necessary that he review Kimberly’s case file, including her adoption file, so that he can adequately prepare for the foster care review hearing, including review of the Department’s efforts to place the child for adoption, and ascertain why she was removed from two prospective adoptive homes. Additionally, he seeks to review the file to determine whether Kimberly may have civil remedies available to her based upon her alleged sexual abuse by a foster/preadoptive parent.
The Department of Social Services opposes the Law Guardian’s request to see any portion of the case file, and alleges that pursuant to Domestic Relations Law § 114, the adoption file is sealed. The Department also alleges that the case file is not pertinent to the foster care review proceeding before the court, and that pursuant to Social Services Law § 372 (4), the records should not be disclosed to the Law Guardian as they are confidential. However, if they are to be disclosed, the Department requests an in camera examination of the records by the court.
The Westchester County Department of Social Services filed a petition in this court seeking a review of the foster care status of Kimberly H. pursuant to section 392 of the Social Services Law and the entry of an order continuing foster care of the child from May 4, 1990 to May 4, 1991. This motion by the Law Guardian ensued. The court heard oral argument on the motion and held a hearing on the same date, at the conclusion of which the court reserved its decision.
Kimberly was born on August 28, 1975. On or about November 26, 1975, Kimberly was placed with CSS and a neglect petition was filed against her mother. The child was not *713 returned to her mother until March 1982. During that period, prior to her father’s death on December 22, 1981, Kimberly resided with him in North Carolina for approximately two years. She was removed from her father due to his neglect and abuse and was returned to her mother in March 1982. Again, she was removed on July 29, 1982 as a result of alleged abuse. On September 1, 1983, an order was entered adjudging Kimberly an abused child and placed her in the care and custody of CSS for 18 months. The parental rights of the child’s mother were terminated on January 29, 1987 pursuant to Social Services Law § 384-b, and an order of disposition was entered on March 10, 1987 committing the guardianship and custody of the child to CSS. As a result thereof, Kimberly was freed for adoption.
Kimberly resided with her foster parents, the C.’s, for five years, from July 1982 to October 1987. Inasmuch as the C.’s did not wish to adopt her after she was freed for adoption, CSS actively sought a preadoptive placement. Kimberly was placed with Ms. G. on a preadoptive basis in October 1987. In May 1988, this placement was disrupted, due in part to Kimberly’s desire to return to the C.’s. CSS returned her to their home as they had decided to adopt her.
On December 1, 1989, at Mrs. C.’s request, Kimberly was removed from the preadoptive placement in the C. home, and moved to a temporary home. On December 29, 1989, she was placed at the Cardinal McCloskey Facility. While at Cardinal McCloskey’s, Kimberly disclosed to staff that she had been sexually abused by her foster parent. On January 29, 1990, she was admitted to the Westchester County Medical Center Psychiatric Unit as she was suicidal. Allegations of sexual abuse were made by the child against Mr. C., for which criminal charges have been filed against him in Rockland County. Upon release from the hospital, the child is to be placed in a residential facility with CSS.
The purpose of Social Services Law § 392 is for periodic court review of the foster care status of children to prevent them from languishing in the limbo of foster care during their childhood, as had regularly occurred prior to the enactment of this statute (see, Carrieri, Practice Commentary, McKinney’s Cons Laws of NY, Book 52A, Social Services Law § 392, at 210). The court has a duty to inquire at the section 392 hearing what efforts have been made to unify the family, if that serves the best interests of the family, or, if not, what proceedings have been taken, where grounds therefor exist, to *714 legally free the child for adoption, or, if the child has been legally freed for adoption, the status of the adoption proceeding. Subdivision (6) provides that at the conclusion of the section 392 hearing, the court shall enter an order of disposition in accordance with the best interest of the child.
The very nature of a section 392 foster care review places the agency’s care of the child, and her status, in issue. The case record represents the only history of the child while in foster care. Social Services Law § 372 (4) affords these case records the protective aegis of confidentiality. However, pursuant to section 372 and Family Court Act § 166, the decision whether to disclose these records is in the discretion of the court (Matter of Carla L., 45 AD2d 375).
The court notes that CSS opposes discovery of the case records as they are confidential pursuant to Domestic Relations Law § 114. Counsel’s reliance on this section is misplaced. Section 114 mandates sealing of adoption files after the entry of an order of adoption. Kimberly has not been adopted. The court therefore rejects this argument for maintaining the confidentiality of the case records.
The issue presented herein is whether the child’s Law Guardian should be permitted to inspect the agency’s confidential records regarding Kimberly.
Section 249 of the Family Court Act mandates the appointment of a Law Guardian for a child in a proceeding pursuant to section 392 of the Social Services Law where the child has been freed for adoption for a period of six months and not placed in an adoptive home. Family Court Act § 241 states that the Law Guardian for a child shall provide the assistance of counsel to help protect the infant’s interests and to help them express their wishes to the court. Besharov, in the Practice Commentary to Family Court Act § 241 (McKinney’s Cons Laws of NY, Book 29A, at 192) states that unlike the Judge, whose knowledge of the facts is limited to the evidence adduced during the court hearing, it is the obligation of the Law Guardian to learn as much as possible about the case before the hearing and perform a full investigation, if necessary. After the fact-finding hearing, the Law Guardian would then be in a position to formulate an opinion regarding the granting of the application.
The drafters of Family Court Act, article 2, part 4 (titled "Law Guardians”) defined the concept of "Guardianship” to require that not only the legal rights but also the general *715 welfare of the minor be considered in determining counsel’s course of action (Second Report of Joint Legis Comm on Ct Reorganization, 1962 McKinney’s Session Laws of NY, at 3428, 3431).
Social Services Law § 372 (4) permits a Judge of the Family Court to authorize inspection of the confidential case records regarding dependent children which are kept by the agency pursuant to Social Services Law § 372 (2), when such case records are required for a trial of a proceeding in the court. Such authorization shall only be after a hearing and notice to all interested persons. A hearing was held in the instant matter, and the file submitted to the court for an in camera inspection.
In Matter of Carla L. (supra), which involved foster care review proceedings pursuant to section 392 of the Social Services Law, the natural mother moved for discovery and inspection of agency records regarding her child, who was in foster care. The Appellate Division permitted disclosure of the agency case record by the attorney for the natural mother. However, disclosure was limited to what was shown to be necessary. The court suggested guidelines for properly balancing the need for disclosure, confidentiality and the best interest of the child. The court stated that the statutory privilege of confidentiality was intended to protect, at the very least, the subject of the records.
Children have the right to independent representation. Neither the parents, petitioner nor the court can properly represent the child. It is the duty of the Law Guardian to represent the interests of the child in controversy. He can only do this by ascertaining all pertinent information from every available source.
The transcendent principle regarding disclosure is the best interest of the child. Disclosure based upon this premise is favored. As a practical matter, the agency’s case record represents the only continuous history regarding this child’s foster care placement. A prerequisite to the Law Guardian’s recommendation at the section 392 hearing is that he must determine what steps have been taken by CSS to place the child in an adoptive home; what physical or emotional impediments to overcome; and the type of action taken by CSS to ameliorate or cure the situation. Only by interviewing the child and reviewing the case record can the Law Guardian effectively represent the child and make an informed decision as to how to proceed to protect the child’s best interests.
*716 Kimberly is now 14 Vz years old. For virtually her entire life, she has been in the care of CSS. In this foster care review proceeding, the agency’s care of the child is at issue. Kimberly is entitled to an independent advocate whose sole motivation is active pursuit of her interests and rights. Clearly, the attorney for the child, who is the subject of the proceeding, must be entitled to review the case record. The county has not alleged that the child will be prejudiced in any way by the disclosure. To deny Kimberly’s attorney access to her case file may be unduly prejudicial to the child and render his representation of her child in the section 392 proceeding essentially meaningless and no more than a "rubber stamp” for CSS’s application for the continuation of the child in foster care. The denial would, in effect, foreclose the possibility of a full and fair hearing being held on the foster care review of Kimberly.
It is not necessary for this court to determine whether the Law Guardian would be entitled to view the case file if the request was made solely for the purpose of ascertaining whether a cause of action on behalf of the child exists against the agency. In the instant matter, counsel has established the appropriate necessity for review of the confidential case file to determine his position regarding the application for the review of the child’s foster care status and whether it is in the best interest of the child.
Accordingly, the application is granted. The Westchester County Department of Social Services has produced the case record at the Family Court. The court has examined said record in camera. This court determines that the Law Guardian will be permitted to review the child’s record from January 29, 1987, on which date the court terminated the parental rights of the child’s mother, to the present. The court finds that these records as requested by the Law Guardian in oral argument before the court, are material and relevant to the foster care review proceeding pending before this court. The Law Guardian shall be permitted to photocopy the record as required.