CAROL KOVER, Appellant, v. ARTHUR KOVER, Respondent.—

Concur — Stevens, P. J., Markewich, Nunez and Eager, JJ.; Capozzoli, J., dissents in the following memorandum: I dissent and vote to modify the judgment of divorce awarded to plaintiff-appellant so as to provide for payment of alimony. in an amount of $125 per month. The following facts are not in dispute. Plaintiff sought a divorce, pursuant to the provisions of subdivision (5) of section 170 of the Domestic Relations Law, having, more than two years earlier, obtained a judgment of separation, based upon defendant's abandonment of her. In the present action defendant did not contest his wife's right to a divorce, but only her right to alimony. The separation judgment had, pursuant to stipulation between the parties, awarded plaintiff alimony of $225 per month — a modest sum in view of the fact that defendant was then earning approximately $20,000 a year. The

present judgment does not award plaintiff any alimony whatsoever. The Trial Judge has reasoned that defendant's gross income has decreased while plaintiff's income has slightly increased. This completely overlooks the fact that defendant's decrease in earnings comes about by virtue of his completely voluntary act of changing careers. Rather than endure what he regarded as the rigors of a career as a research director in an advertising agency, defendant freely chose to re-enter the academic field, even though it resulted in a salary loss from $22,000 to $14,000 per year. The record does not contain " persuasive or sufficient evidence to show that defendant's position has been adversely changed *for reasons beyond his control*" (italics added, *Presberg* v. *Presberg,* 285 App. Div. 1134; also see: *Brody* v. *Brody,* 22 A D 2d 646, affd. 19 N Y 2d 790). In my opinion, for this defendant to have abandoned his wife in the first place, as a result of which this divorce has been made possible, and now reward him by holding that he has no obligation to his wife of eight years, is an unjust result.