■ ROGER SIMS, Appellant, v GAIL SIMS, Respondent.—In a support proceeding pursuant to article 4 of the Family Court Act, the appeal is from so much of an order of the Family Court, Kings County, dated August 17, 1978, as awarded the petitioner wife support of $85 per week. Order modified, on the law, by adding thereto a provision that upon an increase in the wife's gross salary the support award shall decline by an equal amount. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Although the Family Court found that there was some misconduct by both parties, fault on the part of the wife is not an absolute bar to an award of support under section 412 of the Family Court Act *(Matter of Basdekis v Basdekis,* 57 AD2d 567). Although the five-year-old marriage has been childless, the wife has just graduated from college and her net salary from her current entry level position in marketing, which was the field of her college study, is only $135 per week. Her husband, a television producer, earns in excess of $35,000 annually, plus royalties and an expense account. We believe that the appellant should continue to support his wife during her period of economic transition, but the support

obligation should be decreased as petitioner's income increases. Suozzi, O'Connor and Lazer, JJ., concur.

Titone, J. P., dissents and votes to reverse the order insofar as appealed from, and to dismiss the proceeding for support, with the following memorandum: Based on the facts adduced at the hearing in the Family Court, I believe the petitioner's application for support should have been denied. At the Family Court hearing evidence was adduced, *inter alia,* that there were no children of the marriage, and at the time they were married she was earning approximately $11,000 a year as a secretary. Shortly thereafter petitioner left her employment and became a full-time student. Appellant paid her tuition and gave her $20 to $50 a week while she attended classes. She was scheduled to graduate from college in January, 1978. On January 5, 1978, almost five years after the parties were married, petitioner moved from the marital apartment and took with her a number of items of furniture and home appliances. She also had a savings account in her name containing approximately $5,000. When she moved from the apartment, she was employed part-time, earning $48 a week. At the time of the hearing in the Family Court she was earning a net salary of $135 per week. In view of the circumstances which indicate that the wife of this childless marriage is well educated and has an ability to be self-supporting, which she has demonstrated in the past, and since the marriage is of short duration, and for all intents and purposes is "dead", I conclude that the Family Court award of $85 per week for her support was unwarranted (cf. *Kover v Kover,* 36 AD2d 935, affd 29 NY2d 408; *Eisen v Eisen,* 59 AD2d 521).