OPINION OF THE COURT
Ralph Diamond, J.
This is a motion by the respondent in a family offense petition for an examination before trial of the petitioner. This appears to be one of first impression.
Subdivision (a) of section 165 of the Family Court Act provides that the disclosure article of the CPLR is generally applicable to Family Court proceedings “to the extent that they are appropriate to the proceedings involved.”
Various disclosure devices under the CPLR have been permitted in the Family Court in numerous proceedings under the Family Court Act. However, no case has been reported in which an examination before trial has been requested in a family offense petition.
The court in considering whether or not to grant an examination before trial in this family offense matter must first determine whether such an examination is appropriate. The Legislature in 1981 amended section 812 (subd 2, par [b]) of the Family Court Act (L 1981, ch 416), defining the purpose of a family offense proceeding to “stop the violence, end the family disruption and obtain protection.” The language adopted in the amendment makes it clear *81 that time is of the essence. It is desirable that an early disposition would be in the best interest of the family, especially where children are involved.
In Matter of Carla L. (45 AD2d 375) the court, on page 387, stated: “With respect to that part of the foster parent’s application seeking to depose the natural father, special circumstances must be shown to warrant such examination. In proceedings such as this, where there is a need for expedition in determining what will be in the best interest of the affected child, there is no basis, absent a showing of special circumstances, for imposing on a party the burden of attendance at an examination with the attendant risk that extensive pretrial discovery proceedings will delay the court’s making its determination.”
Certainly the wisdom of the court’s words in the above. case apply even more critically to a family offense case, where tensions are much greater, combined with the risk of violence and the need for permanent protection. In most cases, petitioners who bring family offense petitions come to the Family Court for immediate protection of themselves and their children. They are seldom represented by attorneys. They come to the court tense, desperate, fearful and confused. To subject them to an examination before trial would be totally inappropriate and would discourage future petitioners from bringing petitions.
The court, therefore, finds that it is not appropriate in a family offense proceeding to permit an examination before trial. Furthermore, if the court found it to be appropriate, it would have denied the motion for examination before trial based upon the record that no special circumstances have been shown to warrant such examination.
The court, however, does grant the respondent the right to a bill of particulars and further discovery of any medical records resulting from the herein family offense petition.