In the Matter of JANE Y. FREIHOFER, Appellant, v CHARLES C. FREIHOFER, III, Respondent.

Third Department, November 21, 1984

APPEARANCES OF COUNSEL

A. *Linda Leventhal* (*Eli I. Taub* of counsel), for appellant.

*Shanley & Shanley* (*Donald J. Shanley* of counsel), for respondent.

## OPINION OF THE COURT

LEVINE, J.

The parties were married in 1970 and have no children. They lived together until the husband left the marital residence in early January, 1981. The wife then brought a support proceeding in Family Court, Saratoga County, which was later transferred to Rensselaer County. The Rensselaer County Family Court held an evidentiary hearing and rendered a written decision awarding the wife possession of the parties' residence in the Town of Clifton Park, Saratoga County, and directed the husband to pay all mortgage installments, taxes and utility expenses at that residence and to provide the wife with medical insurance coverage. Family Court also awarded the wife maintenance of $200 a week "during a sufficient period of time until she is able to return to the labor market". This was based on an express finding that the wife's physical condition did not prevent her from becoming gainfully employed and that she only needed a period of retraining in order for her to enter the labor market. Believing that six months would be adequate for the latter purpose, Family Court directed that the wife's employment status "be re-evaluated by [the] court during the May, 1982 term". An order embodying the terms of the foregoing decision was entered December 10, 1981.

Subsequently, Family Court clarified its decision by a letter directing that the payments of $200 a week should continue until further determination by the court. In May and June, 1982, Family Court held a hearing on the wife's employment status, in which she and her physician testified. While a decision was pending, the wife brought a petition alleging violation of the previous order of support and seeking enforcement of arrears. Family Court rendered a decision on June 28, 1983 in which it modified the prior order by terminating the $200 weekly support payments, finding that the wife had failed to establish that her physical condition prevented her from obtaining employment and that she had not made a good-faith effort to seek or retrain herself for work. Additionally, Family Court

found that various payments by the husband after the hearings on the wife's employment status satisfied his ongoing support obligation and therefore denied the wife's petition seeking arrearages. The wife then initiated the instant appeal.

■ Two preliminary issues must be addressed before reaching the merits, namely, whether this appeal was properly perfected pursuant to section 1115 of the Family Court Act, and whether Family Court's initial order of December 10, 1981 is subject to review. It is uncontested that no notice of appeal was served upon the Rensselaer County Attorney as required by section 1115. However, the County of Rensselaer was neither an interested nor an actually or potentially affected party to this appeal. Accordingly, we view the failure to serve the County Attorney as merely a technical defect not barring the wife's right to have her appeal heard. Consistent with this view, this court granted on October 15, 1984 the wife's motion for leave to file a late notice of appeal upon the County Attorney.

A more serious question arises out of the wife's failure to take a timely appeal from the December 10, 1981 order of Family Court, which she now seeks to have reviewed under her appeal from the August 11, 1983 order of modification. If the earlier order was an "order of disposition", it was appealable as of right (Family Ct Act, § 1112) and was thus beyond review via an appeal from the subsequent order. Article 4 of the Family Court Act does not employ the phrase "order of disposition" to denominate an adjudication of a support petition (cf., e.g., Family Ct Act, arts 3, 6, 7, 8, 10). With respect to the appealability of support orders, it has been held that an order of disposition is synonymous with a final order or judgment (*Firestone v Firestone*, 44 AD2d 671, 672; *Taylor v Taylor*, 23 AD2d 747).

■ The December 10, 1981 order was made after a plenary hearing and was not entitled or intended to be a temporary order. It determined that the husband was obligated to provide support to the wife and defined the terms and extent of his duty. Family Court was at liberty to limit one element of its support award, the weekly payment of $200, to a fixed period of six months or to a reasonable period to permit the wife to obtain gainful employment with a fixed date for a review of her employment status (see *Sims v Sims*, 70 AD2d 587). Under either interpretation, the December 10, 1981 order determined the merits and granted the wife the final relief she was entitled to seek in this proceeding. As such, it bears all the earmarks of a final order, and the fact that Family Court made the weekly

cash payments provided thereunder subject to subsequent vacatur or modification does not alter that status (*Aberlin v Aberlin,* 3 AD2d 417, 419, app dsmd 3 NY2d 934). Since the wife's challenges to the adequacy of the support award in light of the husband's substantial means and to the limitations on support imposed on the basis of findings concerning her capacity to be self-supporting both relate to rulings made by Family Court in its December 10, 1981 order, the failure to take a timely appeal therefrom precludes review of those determinations on this appeal.

Insofar as this appeal is thus limited to the merits of the subsequent modification order terminating the weekly support payments, the findings in Family Court's decision are sufficient to justify that determination and there is support for those findings in the credible evidence and permissible inferences therefrom. Consequently, that determination will not be disturbed, even though the evidence could also have supported a contrary conclusion (see *Matter of Cristo,* 86 AD2d 700, 701).

■ We reach a different conclusion with respect to Family Court's denial of the wife's petition to enforce payment of arrears as to both the husband's weekly support obligations and those for medical and household expenses. As the husband has successfully argued, the December 10, 1981 order, as clarified by Family Court's subsequent letter, was a final order and directed that all payments continue "until further determination". The husband was as equally bound by that order as was the wife. Dismissal of the violation petition in the court's June 28, 1983 decision, on the ground that the husband's payments of support after the May and June, 1982 hearings satisfied his ongoing obligation of maintenance, was thus nothing more than a cancellation of all arrears that had accumulated under the prior order. Such a cancellation of arrears was statutorily barred "unless the defaulting party shows good cause for failure to make application for relief from the * * * order directing such payment prior to the accrual of such arrears" (Family Ct Act, § 460, subd 1; *Matter of Huttenlocker v Damstetter,* 111 Misc 2d 484, 486). Therefore, this portion of the order entered August 11, 1983 must be reversed, and the matter remitted for a hearing to determine the actual amount of the arrears, if any, accumulated under the December 10, 1981 order, whether the statutory requirements for permitting cancellation were met and, if so, whether justice required a cancellation of all or any portion of such arrears.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as denied petitioner's application for an order fixing arrearages, matter remitted to the Rensselaer County Family Court for a hearing as to said application in accordance with the decision herein, and, as so modified, affirmed.