[646 NYS2d 319]

In the Matter of Yᴀᴍᴏᴜssᴀ M., a Person Alleged to be a Juvenile Delinquent, Appellant.

First Department, July 11, 1996

### APPEARANCES OF COUNSEL

*Katherine R. Riggs* of counsel *(Susan Clement* on the brief; *Jane M. Spinak, Legal Aid Society, Juvenile Rights Division,* attorney), for appellant.

*Jane S. Earle* of counsel *(Pamela Seider Dolgow* on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, attorney), for Presentment Agency.

### OPINION OF THE COURT

Tom, J.

At a fact-finding hearing conducted on January 12, 1994, respondent admitted he committed acts which, if committed by

an adult, would constitute the crime of assault in the second degree. Respondent was charged with slashing the 10-year-old complainant three times with a box cutter, which caused the victim to receive 18 stitches and to be hospitalized. Upon his guilty plea, respondent was adjudicated a juvenile delinquent.

By order of disposition entered on or about March 28, 1994 (the first order), respondent was placed on probation, under the supervision of the Probation Department of Erie County, for a period of 18 months. As part of the terms and conditions of probation, respondent was ordered to reside with his uncle in Buffalo, New York, to attend school regularly, and to have no further criminal or delinquency charges brought against him. Both the Law Guardian and presentment agency agreed to the foregoing terms and conditions and no appeal was taken from the order.

On or about August 25, 1994, while respondent was residing in his uncle's home, the Erie County presentment agency brought a petition against respondent charging him with rape in the first degree and sodomy in the first degree. The petition was supported by the deposition of respondent's aunt, who testified that she entered a bedroom in her home and found respondent lying on a bed next to her four-year-old daughter, who was naked. The child told her mother that respondent had placed his penis in her vagina and in her mouth, and a subsequent hospital examination confirmed the allegations.

The Erie County Family Court did not adjudicate respondent as a juvenile delinquent but found respondent to be a person in need of supervision (PINS), upon his admission to the reduced charge that he failed to obey his aunt and uncle's rules and regulations while living in their home. The case was then transferred to New York County for disposition.

On September 13, 1994, the presentment agency filed a petition in New York County Family Court charging respondent with violating his probation in light of the Erie County PINS determination. On October 7, 1994, Family Court held a hearing on the matter and on November 7, 1994, the court entered an order of disposition placing respondent in a Division for Youth nonsecure facility for a period of up to 18 months.

Respondent now appeals from the order of disposition dated November 7, 1994 which found that he had violated his probation, and further argues that the first order of disposition, entered March 28, 1994, which adjudicated him a juvenile de-

linquent, and from which an appeal was never taken, is presently reviewable as an earlier interlocutory order. Upon a review of this matter, we affirm the order of disposition of November 7, 1994.

Respondent contends, and the presentment agency concedes, that the plea to the assault charge entered by respondent which resulted in the first order of disposition placing respondent on probation, was defective in that respondent was not properly allocuted. Respondent asserts that since his allocution was concededly defective, the plea must be vacated, and the petition should be dismissed because no useful purpose would be served by remanding this matter for a new fact finding since respondent has almost completed his placement period.

Respondent, relying on Family Court Act § 1118, argues that his appeal from the November 7, 1994 order of disposition allows him to appeal from the first order of disposition as an appeal from an earlier interlocutory order under CPLR 5501 (a) (1).

Family Court Act § 1118 provides, in pertinent part: "The provisions of the civil practice law and rules apply where appropriate to appeals under this article".

CPLR 5501 (a) (1) provides in relevant part: "An appeal from a final judgment brings up for review * * * any non-final judgment or order which necessarily affects the final judgment".

Respondent contends that because the first order of disposition "necessarily affects" the final order since it established the conditions for respondent's probation which respondent was later found to have violated, an appeal of the November 7, 1994 order, therefore, brings up for review the first order.

■ Respondent's contention is untenable by reason that Family Court Act § 1118 does not make the application of the CPLR automatic (*see, Matter of Schwartz v Schwartz,* 23 AD2d 204) but, rather, only in those situations where it is appropriate and where the article (Family Ct Act art 11—appeals) is silent (*see,* Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act §§ 165, 1118). Here the provisions of the Family Court Act, rather than the CPLR, are controlling.

Family Court Act § 1113 provides that "[a]n appeal under this article must be taken no later than thirty days after the service upon the appellant of any order from which the appeal is taken". This provision is applicable to Family Court Act § 1112 (a) which provides, *inter alia,* that: "An appeal may be taken as of right from any order of disposition".

It has long been settled law that an order of disposition is synonymous with a final order or judgment (*Matter of Freihofer v Freihofer*, 104 AD2d 92, 94; *Firestone v Firestone*, 44 AD2d 671, 672; *Rizzo v Rizzo*, 31 AD2d 1001), and the failure to make a timely appeal therefrom precludes appellate review (*see, Matter of Freihofer v Freihofer, supra,* at 95). The first order, which placed respondent on probation upon his plea of guilty and bears none of the earmarks of an "interlocutory order", clearly constitutes an order of disposition, and since no appeal was taken therefrom, it is not now subject to our review pursuant to Family Court Act § 1113. In light of the circumstances, we would also decline to review the order in the interests of justice.

■ Turning to the order of disposition of November 7, 1994, which is properly before us, we find without merit respondent's contention that there was insufficient evidence to establish a violation of a condition of probation. While the supporting deposition of respondent's aunt did not conclusively establish that he raped and sodomized his four-year-old cousin, the aunt's statement, which the court found credible, was based on more than the child's allegation as a report of the doctor's treatment of the little girl provided the Erie County Family Court with sufficient evidence to support the PINS finding. Indeed, the conversion of the delinquency charge of rape and sodomy to a PINS petition on a reduced charge was given in exchange for respondent's admission that he failed to obey his uncle's rules and regulations and could not live in their home. It is the latter admission upon which probation was revoked.

Respondent's argument that his admission was nonspecific and he could have simply been admitting to breaking minor rules is disingenuous at best. The record and September 2, 1994 Erie County Family Court transcript clearly reflect that respondent's admission to the lesser charge of rule breaking came on the heels of rape and sodomy charges. Further, respondent's rights were not violated by the revocation of his probation where the charge did not result in a conviction (*see, Matter of Alvin A.*, 111 AD2d 667; *Matter of Alphaeus M.*, 168 AD2d 208).

Similarly meritless, and somewhat remarkable, is respondent's contention that his aunt's deposition, which accused him of raping and sodomizing her infant daughter, insufficiently established that he was unwelcome in their house. In any event, respondent's counsel made it clear at a hearing in Erie County that respondent could not return to his uncle's home in Buffalo, New York.

In conclusion, the evidence submitted clearly established that respondent had violated his probation, since he was no longer living with his uncle in Buffalo, New York, as the Erie County Family Court order unequivocally demonstrated; and further, that delinquency charges had been filed against him, as evidenced by his aunt's deposition. The Family Court properly found that respondent had violated the terms and conditions of his probation.

Accordingly, the order of disposition of the Family Court, New York County (Sara Schechter, J.), entered on November 7, 1994, which found that respondent had violated the conditions of his probation and placed him with the Division for Youth for a period of 18 months, is affirmed, without costs.

MURPHY, P. J. (dissenting). I respectfully dissent. The record in this matter indicates, and the presentment agency concedes on appeal, that the Family Court failed to inform respondent or respondent's mother of the dispositional consequences of his January 1994 plea to assault charges. These errors of notice were not trivial (*Matter of Steven W.*, 75 AD2d 756). Together with respondent's youth and language difficulties (he was 13 years old and a recent immigrant at the time of the January 1994 hearing), they render it impossible to conclude that respondent's plea to the charges arising from the September 1993 incident was voluntary, intelligent, and knowing. That plea provided the basis for the March 1994 order of disposition, and was treated by the Family Court as a predicate offense in setting the penalty contained in the November 1994 order of disposition that is the subject of the instant appeal.

In my view, the majority's conclusion that respondent may not appeal from the March 1994 order at this late date is simply beside the point. Since a conviction obtained in violation of one's constitutional rights may not be used at a later time to enhance punishment for another offense (*Burgett v Texas*, 389 US 109, 115; *People v Harris*, 61 NY2d 9; *see also*, CPL 400.21 [7] [b]), respondent should be permitted to challenge that earlier order for the limited purpose of preventing its use as a predicate for imposing an enhanced penalty in the November 1994 order. Consequently, I would reverse the November 1994 order of the Family Court and remand for reconsideration without regard to the facts or admissions contained in the March 1994 order.

SULLIVAN, ROSS and WILLIAMS, JJ., concur with TOM, J.; MURPHY, P. J., dissents in a separate opinion.

Order, Family Court, New York County, entered on or about November 7, 1994, affirmed, without costs.