*687 OPINION OF THE COURT
Andrea Masley, J.
In this family offense action for an order of protection, petitioner AOS moves pursuant to CPLR 3124 to compel respondent RM to execute a HIPAA-compliant authorization for the production of respondent’s medical records. In the petition, Ms. AOS seeks a five-year order of protection based on alleged aggravating circumstances. She argues that discovery of Mr. RM’s medical records is necessary to establish that he suffers from mental disorders which “constitute an immediate and ongoing danger” to Ms. AOS and their two children, one of the bases upon which aggravating circumstances may be found under Family Court Act § 827.
Ms. AOS initiated this action under article 8 of the Family Court Act by filing a family offense petition on July 12, 2007. The court issued a temporary order of protection, the latest of which expires on September 11, 2008. On April 22, 2008, on consent of all parties on the record, this court signed a judicial subpoena duces tecum for the production of records by St. Barnabas Hospital, Fordham-Tremont Community Mental Health Clinic, and Dr. Marc Vital-Herne which was returnable July 14, 2008. Although his attorney agreed to production of the medical records without waiving his right to contest admissibility of the records at trial, Mr. RM declined to sign a written authorization for the production of the records. No records were produced. Therefore, petitioner filed this motion to compel respondent to sign a HIPAA authorization and to amend[1] and extend the subpoena already signed by the court ordering the Hospital to produce the responsive records.
Mr. RM argues that the medical records show no more than a propensity of violence toward himself, which is irrelevant to this proceeding.
St. Barnabas Hospital, which is in possession of the medical records, does not oppose production of the records, but insists on a HIPAA-compliant authorization from Mr. RM.[2] The Hospital relies on CPLR 3122 (a) which provides:
*688 “A medical provider served with a subpoena duces tecum requesting the production of a patient’s medical records pursuant to this rule need not respond or object to the subpoena if the subpoena is not accompanied by a written authorization by the patient. Any subpoena served upon a medical provider requesting the medical records of a patient shall state in conspicuous bold-faced type that the records shall not be provided unless the subpoena is accompanied by a written authorization by the patient.”
CPLR 3122 applies to both subpoenas duces tecum and ad testificandum. (Campos v Payne, 2 Misc 3d 921 [Civ Ct, Richmond County 2003] [safeguards of CPLR 3122, a discovery statute, apply through trial and cannot be thwarted by service of trial subpoena].) While a court will not simply so-order a subpoena that fails to comply with CPLR 3122, it may order disclosure of medical records upon a motion on notice to all interested parties and nonparties and an opportunity to be heard. (Matter of C.D., 6 Misc 3d 1034[A], 2005 NY Slip Op 50299[U] [Fam Ct, Orange County 2005] [in delinquency proceeding, court so-ordered a trial subpoena for postincident medical records of victim and directed notice to respondent and nonparty victim with opportunity to be heard before hospital’s compliance would be directed]; see also Horn v Hernandez, NYLJ, Oct. 15, 2003, at 19, col 3 [Sup Ct, Suffolk County] [in a personal injury action in which plaintiffs mental and emotional condition were at issue, where defendant sought court order directing plaintiff to execute HIPAA authorizations for her psychiatric records or be precluded at trial, the court declined to order psychiatrist to produce records because defendant failed to ask for such an order].) HIPAA “clearly anticipates disclosures of protected health information pursuant to court order.” (Matter of Antonia E., 16 Misc 3d 637, 640 [Fam Ct, Queens County 2007] [In a juvenile delinquency case, where the presentment agency sought the postincident medical records of the victim, the court would not order disclosure finding that the alleged victim had not waived disclosure simply by seeking medical treatment or talking to a police officer].)[3] However, even if disclosure is permitted under HIPAA, New York’s physician- *689 patient privilege, which is more stringent than HIPAA, may bar disclosure. (See Matter of Antonia E., 16 Misc 3d at 643-644.) With few exceptions, CPLR 4504 bars disclosure of medical records unless the patient has waived the privilege.
Here, the question is whether there was waiver of the physician-patient privilege when on April 22, 2008 respondent’s counsel clearly stated that he did not object to production of the records to petitioner but would reserve his objection for trial. None of the parties present the court with any legal arguments concerning counsel’s authority to waive the privilege. Accordingly, the court will not address the issue.
Rather, the only argument against disclosure raised by respondent is relevance: are Mr. RM’s medical records relevant to Ms. AOS’s family offense petition? The court finds that while the medical records may be relevant at a dispositional hearing, they are not relevant at the fact-finding stage of this proceeding.
Ms. AOS alleges in the petition, among other things, that on July 10, 2007, at the family home and in the presence of Ms. AOS and the children, Mr. RM threatened to kill Ms. AOS and himself and to poison the children with cleaning products in their milk. With his family watching, Mr. RM is alleged to have punched a door and wall with a closed fist and hurled an infant swing against a wall. Ms. AOS alleges that Mr. RM filled her contact lens case with peroxide, destroying the lenses and frightening Ms. AOS. Further, Ms. AOS alleges in the petition that Mr. RM regularly throws furniture, threatens Ms. AOS and the children with violence of one sort and another, refers to his son as a “faggot” and his daughter and wife as “bitch.” Ms. AOS states in the petition that in May of 2006, Mr. RM, while intoxicated, lacerated his brother with a box cutter in the presence of Ms. AOS and their child. Ms. AOS also states that police and an ambulance were called to the scene and that Mr. RM’s brother required six stitches to close the wound. Ms. AOS alleges in the petition that Mr. RM traveled with an ice pick over several months in 2007, making Ms. AOS fearful.
To prove that a family offense occurred, Ms. AOS and other witnesses may testify as to past incidents listed in the petition. Medical records regarding Mr. RM’s mental condition, however, *690 are not probative of whether the alleged incidents occurred or not. Accordingly, this court finds no reason to compel production of the records at the fact-finding stage of this proceeding.
“Parties are entitled to submit additional evidence at a dispositional hearing with respect to the issue of the presence of aggravating circumstances” under Family Court Act § 834 (Matter of Kristine Z. v Anthony C., 21 AD3d 1319, 1320 [4th Dept 2005]). Upon a finding of aggravating circumstances at the dispositional hearing, a five-year order of protection could issue. (Family Ct Act § 842.) Family Court Act § 827 (a) (vii) defines aggravating circumstances as:
“physical injury or serious physical injury to the petitioner caused by the respondent, the use of a dangerous instrument against the petitioner by the respondent, a history of repeated violations of prior orders of protection by the respondent, prior convictions for crimes against the petitioner by the respondent or the exposure of any family or household member to physical injury by the respondent and like incidents, behaviors and occurrences which to the court constitute an immediate and ongoing danger to the petitioner, or any member of the petitioner’s family or household.” (Emphasis added.)
Ms. AOS alleges that Mr. RM is “an immediate and ongoing danger to the petitioner, or any member of the petitioner’s family or household.” Without a fact-finding, the court cannot predict whether the medical records will be relevant at a dispositional hearing.
Ordered that the motion to compel is denied without prejudice to renew at the dispositional stage of the proceeding.

. Although petitioner does not delineate the requested amendment, the court presumes that the amendment sought is to add “conspicuous bold-faced type that the records shall not be provided unless the subpoena is accompanied by a written authorization by the patient” consistent with CPLR 3122 (a).

. Alternatively, relying on article 10 of the Family Court Act, the Hospital offered to produce the records if the court issues a “qualified protective order” for in camera review only. However, this is not an article 10 proceeding.

. The federal regulations under HIPAA provide authority for the court to order disclosure of medical records. “Disclosures for judicial and administrative proceedings” (45 CFR 164.512 [e]) provides
*689 “(1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
“(i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order.”