[906 NYS2d 724]

In the Matter of K.Z., Petitioner, v P.M., Respondent.

Family Court, Orange County, August 2, 2010

## APPEARANCES OF COUNSEL

*Fischer Porter Thomas & Reinfeld, P.C.*, Englewood Cliffs, New Jersey (*Joel J. Reinfeld* of counsel), for respondent. *Legal Aid Society of Orange County, Inc.*, Goshen (*Maria A. Patrizio* of counsel), for petitioner.

## OPINION OF THE COURT

Andrew P. Bivona, J.

This is an application by the respondent to compel discovery in a family offense proceeding. The motion was brought on by way of notice of motion to allow interrogatories and production of documents returnable in this court on July 8, 2010. On June 30, 2010, petitioner's counsel filed an affirmation in opposition. On the return date no one appeared and the motion was marked fully submitted for decision.

The application is denied. As set forth in Family Court Act § 165, the provisions of the Civil Practice Law and Rules apply where the method of procedure in any proceeding in which Family Court has jurisdiction is not prescribed by the Family Court Act. It is clear that a proceeding under article 8 of the Family Court Act is a special proceeding as defined in article 4 of the Civil Practice Law and Rules and therefore governed by the discovery procedures set forth in that article. "A special proceeding is a quick and inexpensive way to implement a right" (D. Siegel, NY Prac § 547, at 943 [4th ed 2005]). In a civil proceeding under article 8 of the Family Court Act the purpose is "to stop the violence, end the family disruption and obtain protection" (Family Ct Act § 812 [2] [b]). It is clear that the "right" is to live without violence and the procedural vehicle to enforce that right is the petition for an order of protection. Upon application for the order of protection, a temporary order of protection can issue ex parte, again emphasizing the legislative intent that the relief be "quick."

As stated, a proceeding to obtain an order of protection is commenced by the filing of a petition (Family Ct Act § 821). Filing a petition is the procedure to commence a special proceeding (CPLR 402). While the Civil Practice Law and Rules provide that the petition shall be brought on by order to show cause or notice of petition (CPLR 403), the Court of Appeals has implicitly recognized that a special proceeding may also be commenced by the filing of a summons (*Lebedeff v Lebedeff*, 17 NY2d 557 [1966]). Although *Lebedeff* involved a proceeding under the Uniform Support of Dependents Law (USDL), former article 3-A of the Domestic Relations Law, the Court of Appeals found that those proceedings were special proceedings. Under the former USDL, proceedings were commenced by the filing of a summons and petition. A summons also issues under the article 8 proceeding for an order of protection (Family Ct Act § 821-a [2] [a]; § 825). *Lebedeff* makes it clear that it is not necessary that a proceeding be commenced by order to show cause or notice of petition to be a special proceeding.

Discovery in special proceedings is not as broad as in other civil proceedings. CPLR 408 governs discovery in special proceedings and requires leave of court for any disclosure with certain exceptions which are not applicable here.

In *Matter of Kunz v Kunz* (119 Misc 2d 80, 81 [1983]), the Judge found that there is "a need for expedition" (quoting *Matter of Carla L.*, 45 AD2d 375, 387 [1974]) in family offense cases as there is in foster care proceedings, which were the subject of *Matter of Carla L.* The Judge in *Kunz*, also finding a need for expedition in family offense cases, in commenting on this finding in *Matter of Carla L.*, went on to say: "Certainly the wisdom of the court's words in the above case appl[ies] even more critically to a family offense case, where tensions are much greater, combined with the risk of violence and the need for permanent protection." (119 Misc 2d at 81.)

The issue in *Matter of Kunz v Kunz* was whether a demand for an examination before trial was proper. The court found that subjecting petitioners in family offense proceedings to an examination before trial "would be totally inappropriate and would discourage future petitioners from bringing petitions" (*id.*). The court then denied the discovery application. However, that court did permit the respondent to demand a bill of particulars and discovery of medical records which resulted from the alleged family offense pending before it.

In the underlying matter the respondent is seeking records regarding medications prescribed to the petitioner, records involving a prior hospitalization of petitioner for a suicide attempt, details of the alleged suicide attempt, and mental health history. In *Matter of AOS v RM* (21 Misc 3d 686 [2008]), the petitioner in a family offense proceeding sought medical records of the respondent to show his mental health history. There the court found that the medical records, while they may be relevant in the dispositional phase of the proceeding, were not relevant to whether or not a family offense occurred in the fact-finding stage (*id.* at 689).

This court finds that the instant respondent's demands are likewise not relevant as to whether or not a family offense took place and permitting discovery of those records would also have the effect of discouraging future petitioners from bringing family offense petitions. Accordingly, the application is denied.