OPINION OF THE COURT
Andrew P. Bivona, J.
This is an application by the City School District of the City of Middletown to intervene in the above-captioned guardianship proceeding and for a dismissal of the petition for guardianship. The application was brought on by way of notice of motion returnable in this court on October 30, 2013. After receiving the motion, an Attorney for the Child was appointed and given additional time to respond to the motion. On December 3, 2013, Karen A. Riley, Esq., of counsel to the Children’s Rights Society, Inc., Attorney for the Child, filed an affirmation in opposition to Middletown School District’s motion to intervene and to oppose guardianship. Upon receipt thereof the court marked the matter submitted for written decision.
G.N., hereinafter the petitioner, is the aunt of the subject child and she resides in Middletown, New York. Prior to September 2013, E.T.N., the subject child, resided in Brooklyn, New York, with his mother, R.T. On September 7, 2013, Ms. T. signed a notarized statement giving “custody/guardianship” to her sister, the petitioner, and requesting that the petitioner be allowed to register E.T.N. for school in Middletown, New York, as well as giving Ms. N. permission to seek medical attention for E.T.N. According to the affirmation filed by the Attorney for the Child, at the time the petitioner enrolled the child in school she was told that she had to obtain a guardianship order from the court for the child to remain in the School District. Additionally, the affirmation states that when the petitioner presented a copy of the proposed guardianship order to the School District, the School District moved to intervene in the guardianship proceeding.
The affidavit of Dr. Kenneth W Eastwood, Superintendent of Schools for the City School District of the City of Middletown, New York (hereinafter referred to as the District), supports the *528 application to intervene and argues that the petition for guardianship should not be granted because Middletown is a “low-wealth, high need school district operating under fiscal constraints” (aff of Dr. Kenneth W. Eastwood dated Sept. 24, 2013, ¶ 2). Also attached to the application as exhibit A is the District’s policy regarding “Non-resident Students.” Pursuant to the policy, a nonresident student may be admitted to District schools upon payment of tuition and then only if several other conditions are met. Dr. Eastwood states that the District seeks to intervene “to protect the limited resources available to our resident students and the integrity of our residency policy.” Nowhere in the application to intervene and dismiss the guardianship petition do the District’s representatives address the best interests of the child.
The New York State Constitution provides that “[t]he legislature shall provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated” (NY Const, art XI, § 1). As relevant, section 3202 (1) of the Education Law provides: “A person over five and under twenty-one years of age who has not received a high school diploma is entitled to attend the public schools maintained in the district in which such person resides without the payment of tuition.” If a school district believes that a person who wishes to enroll in its school is not a resident of the district it may charge the person tuition or deny enrollment (Appeal of Polynice, 48 Ed Dept Rep 490 [Decision No. 15,927]). In Polynice, the father represented he lived with his cousin and his son in the Sewanhaka Central High School District and sought admission of his son to that school district. The school district determined that the child was not a resident of that district and notified the father that the subject child was not a district resident and therefore not eligible to attend school in that district. An administrative review was held where the father testified that he lived in Miami and after the review his son was again denied admission to the school district. Under the Education Law, if a person is aggrieved by the school district’s determination, it may appeal same to the Commissioner of Education (Education Law § 310). Upon appeal to the Commissioner, the school district’s administrative review was upheld. It is clear that there is an administrative procedure which can determine whether or not a student seeking admission to a particular school district is or is not a resident of the school district and there is an appeals mechanism to review a school district’s determination.
*529 Civil Practice Law and Rules §§ 401, 1012 and 1013 govern intervention. The School District seeks intervention as of right “when the representation of the person’s interest by the parties is or may be inadequate and the person is or may be bound by the judgment” (CPLR 1012 [a] [2]). However, the court notes that a guardianship proceeding is a special proceeding as defined in article 4 of the CPLR (Matter of K.Z. v P.M., 29 Misc 3d 572 [2010]) and, therefore, a motion to intervene is governed by CPLR 401. CPLR 401 provides that in a special proceeding intervention can only be had by leave of court. Accordingly, there is no right to intervene and this application is not governed by CPLR 1012 (a) (2). The court must determine whether it shall grant leave to intervene.
The court looks to CPLR 1013, which permits discretionary intervention, for some guidance. That section requires the court to examine whether “the person’s claim or defense and the main action have a common question of law or fact.” Here, there is no common question of law or fact. In the guardianship proceeding the court must determine whether, based on the totality of the circumstances, it is in E.T.N.’s best interests that his aunt’s petition to be appointed his guardian be granted (Matter of Bianca B. [Carrie A.], 97 AD3d 742 [2d Dept 2012]; Matter of Ashley W. [Verdele F.], 85 AD3d 807, 809 [2d Dept 2011]). It is clear that in essence the District is asking the Family Court to deny the guardianship petition on the basis that it is a poor school district and it does not want additional students. This is not a factor which the court may consider in determining a guardianship petition as the final test the court must apply in a guardianship proceeding is the best interests of the child based on the totality of the circumstances.
Additionally, the court notes that the District, by allowing E.T.N. to attend the Middletown schools when it believed he was not a resident of the School District, violated its own policy. Had the District enforced its policy and denied him admission to the Middletown schools, the child would have had the right to appeal to the Commissioner of Education (Education Law § 310). There is a long line of cases where the Commissioner has dealt with the exact issue presented by the District.*
The Family Court is a court of limited jurisdiction (Matter of Moron v Moron, 306 AD2d 349 [2d Dept 2003]; Matter of *530 Borkowski v Borkowski, 38 AD2d 752 [2d Dept 1972]). It is clear that the School District is not asking to intervene to shed light on what is in the child’s best interests based on the totality of the circumstances. Essentially, the School District is asking the Family Court to exclude a child from the School District in order to keep the School District’s costs down. The Family Court does not have the authority to make this type of decision. As previously noted, the School District has the right to deny a nonresident enrollment in its School District and if the child is aggrieved he or she may appeal to the Commissioner of Education.
The court is aware of Matter of Deven Meza F. (Maria F.— Oneyda M.) (108 AD3d 701 [2d Dept 2013]) and the underlying decision of the Suffolk County Family Court (37 Misc 3d 1216[A], 2012 NY Slip Op 52062[U] [2012]). In that case the Huntington Union Free School District moved to intervene in the guardianship proceeding and also moved for dismissal of the petition. That school district received permission to intervene in that guardianship proceeding wherein the petitioner grandmother sought guardianship of the subject child but the motion to dismiss the petition was denied. Even though the petitioner grandmother and mother agreed that it was in the best interests of the subject child to have guardianship granted to the grandmother, the case was tried over a period of three days because the motion to intervene was granted. There was no analysis of the motion to intervene. It is apparent from a reading of the decision that the Huntington School District was only interested in blocking the enrollment of the child in its school district. After trying the case the Family Court found that it was in the best interests of the subject child to award the guardianship to the grandmother. Despite this finding, the Huntington School District appealed the decision and the Appellate Division affirmed the Family Court.
To this court that case underscores why intervention should not be permitted. First and foremost, the Huntington School District had no concern for the best interests of the child which is at the heart of the guardianship proceeding. Second, when the parties who care most about a child agree as to a particular disposition for a child, it is a waste of precious judicial resources to try a case in the Family Court to determine whether a child is or is not a resident of a school district and should or should not attend a particular school. There is an administrative procedure to make those determinations. The Family Court does not *531 have jurisdiction to make this type of determination. In addition to the court time, trying the case requires the parties or, if counsel was assigned, the County, to pay legal fees, and the assignment of an attorney for the child. Also, the child was required to testify “in camera” and be cross-examined which certainly caused him unnecessary emotional trauma. Accordingly, based on all of the above, the motion to dismiss the petition is denied and the motion to intervene is denied.

 See Appeal of Polynice, 48 Ed Dept Rep 490 (Decision No. 15,927); Appeal of Naab, 48 Ed Dept Rep 484 (Decision No. 15,924); Appeal of Gittens, 50 Ed Dept Rep, Decision No. 16,226.