OPINION OF THE COURT
John M. Hunt, J.
*507 The motion filed by the respondent, Sandy C., for an order compelling the petitioner, Carlos L., to serve a bill of particulars in response to respondent’s demand, is granted (CPLR 3041, 3042 [c]).
In response to the respondent’s written demand for a bill of particulars the petitioner declined to serve a bill of particulars complying with the demand, contending that this family offense proceeding is a “special proceeding” and that “leave of court is required” in order to obtain disclosure of any kind (see CPLR 408, 3042 [a]). Respondent then filed this motion seeking an order to compel compliance with the demand (CPLR 3042 [c]).[1]
Special proceedings are civil proceedings that are “a hybrid between an action and a motion” (3 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 401.03 at 4-8 [2d ed 2005]) “in which a right can be established or an obligation enforced in summary fashion. Like an action, it ends in a judgment, but the procedure is similar to that on a motion” (Cruz v T.D. Bank, N.A., 2014 WL 1569491, *3, 2014 US Dist LEXIS 53916, *9 [SD NY, Apr. 17, 2014, No. 10-Civ-8026 (PKC)] [citation omitted]).
Whether some or all of the proceedings within the jurisdiction of the Family Court constitute “special proceedings” and are therefore subject to the provisions of article 4 of the Civil Practice Law and Rules, including the rule that leave of court be obtained prior to serving a demand for disclosure (CPLR 408), is an issue which has not been definitively resolved (see Lebedeff v Lebedeff, 17 NY2d 557, 559 [1966] [interstate support proceeding is special proceeding]; Matter of K.Z. v P.M., 29 Misc 3d 572, 573 [2010] [family offense is special proceeding]; Matter of E.T.N., 42 Misc 3d 526, 529 [2013] [guardianship is a special proceeding]).[2]
Article 4 is a procedural statute that is intended to “provide [ ] a uniform body of rules generally applicable to all special *508 proceedings” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C401:l at 341 [2010 ed]), but the Family Court Act specifically limits the applicability of the Civil Practice Law and Rules to those instances “[w]here the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed” by the Family Court Act (Family Ct Act § 165 [a]).
Moreover, in those situations where the Family Court Act does not provide a specific procedure, the Civil Practice Law and Rules is to be applied only to the extent such procedure is “suitable to the proceeding[s] involved” (id.; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]; Matter of Yamoussa M., 220 AD2d 138, 141 [1996]; Matter of Anthony M., 271 AD2d 709, 710 [2000]; Matter of Geraldine Rose W., 196 AD2d 313, 317 [1994], lv dismissed 84 NY2d 967 [1994]; Matter of Bernal v Bernal, 45 AD3d 589, 590 [2007]).
Without reaching a definitive conclusion as to whether Family Court proceedings are special proceedings, it is noted that the majority of the proceedings within Family Court’s jurisdiction are governed by specific procedures which take precedence over the more general procedures set forth in the Civil Practice Law and Rules (see Family Ct Act § 165 [a]; Yamoussa M., 220 AD2d at 141; Matter of John H., 56 AD3d 1024, 1026 [2008]; Matter of Deandre GG. [Charlice HH.], 79 AD3d 1384, 1385 [2010], lv denied 16 NY3d 708 [2011]; Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 165 at 144 [2008 ed] [CPLR is clearly excluded when the issue in question is addressed by the Family Court Act]).
In any event, petitioner’s argument that Civil Practice Law and Rules § 408 requires that leave of court be obtained prior to seeking disclosure in a family offense proceeding is misplaced. While courts have been justifiably reluctant to authorize disclosure in family offense and other Family Court proceedings (Matter of Vanessa R., 148 AD2d 989 [1989]; Matter of Crystal AA., 271 AD2d 771, 772 [2000], lv dismissed 95 NY2d 903 [2000]; Matter of Kunz v Kunz, 119 Misc 2d 80, 81 [1983]; K.Z. v P.M., 29 Misc 3d at 574), here the respondent has served a demand for a bill of particulars concerning the family offense petition filed in this proceeding.
It is well-established that the purpose of a bill of particulars is to amplify the pleadings, limit the proof, and prevent surprise at trial (Jones v LeFrance Leasing Ltd. Partnership, *509 61 AD3d 824, 825 [2009]; Jurado v Kalache, 93 AD3d 759, 760 [2012]). A bill of particulars is not a discovery device (Tully v Town of N. Hempstead, 133 AD2d 657 [1987]; Blank v Schafrann, 180 AD2d 886, 887 [1992]; Mayer v Hoang, 83 AD3d 1516, 1517 [2011]; Fremont Inv. & Loan v Gentile, 94 AD3d 1046 [2012]). Under such circumstances, leave of court is unnecessary to serve a demand for a bill of particulars, regardless of whether a family offense proceeding constitutes a “special proceeding.”
It is therefore ordered that respondent’s motion for an order compelling the petitioner to serve a bill of particulars in response to respondent’s demand is granted (CPLR 3042 [c]); and it is further ordered that petitioner shall serve the bill of particulars upon counsel for the respondent within 10 days of the date upon which this order is mailed to counsel for the parties by the Clerk of the Court or her designee.

. The statute provides, in pertinent part, that “ [i] f a party fails to respond to a demand in a timely fashion or fails to comply fully with a demand, the party seeking the bill of particulars may move to compel compliance” (CPLR 3042 [c]; see Kovacs v Castle Restoration & Constr., 262 AD2d 165, 166 [1999]; Johnson v Dow, 56 AD3d 1288, 1289 [2008]).

. The holding in Matter of E.T.N. appears to be at odds with Family Court Act § 661 (a) which provides that guardianship proceedings shall be adjudicated pursuant to the provisions set forth in the Surrogate’s Court Procedure Act, rather than the procedures contained in article 4 of the Civil Practice Law and Rules (see Matter of Maura A.R.-R. [Santos F.R.—Fidel R.], 114 AD3d 687, 688 [2014]).